UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW CHERRY, <br><br> Plaintiff, <br><br> v. <br><br> PRUDENTIAL INSURANCE COMPANY OF AMERICA, <br><br> Defendant. | CASE NO. C21-27 MJP <br><br> ORDER GRANTING MOTION TO COMPEL DISCOVERY |

This is Plaintiff's motion to compel discovery, filed as a joint motion under Local Court Rule 37, and Plaintiff's supporting declaration. (Dkt. Nos. 17, 18.) Having reviewed the motion and supporting papers, the Court GRANTS the motion. The Court ORDERS that limited discovery for both sides shall proceed with respect to Plaintiff's claim under 29 U.S.C. § 1132(a)(3). (See Dkt. No. 1 at 9–13.) Discovery shall be completed within 90 days of the date of this Order and shall be limited to two depositions, up to ten (10) interrogatories, and up to ten (10) requests for admission.

ORDER GRANTING MOTION TO COMPEL DISCOVERY - 1

**Background**

Plaintiff Andrew Cherry filed this action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA"). (Dkt. No. 1.) Mr. Cherry seeks unpaid benefits payments, under 29 U.S.C. § 1132(a)(1)(B), and equitable relief for breach of fiduciary duty, under 29 U.S.C. § 1132(a)(3). Id. at 8–13. Mr. Cherry also seeks a declaratory judgment and attorney's fees. Id. at 12–13.

While the Parties agree at this stage that review of Mr. Cherry's claim for denial of benefits should be limited to the record before the plan administrator ("the administrative record"), they disagree over whether Mr. Cherry is entitled to discovery on his claim for breach of fiduciary duty. (Dkt. No. 13.) In short, Prudential argues that Mr. Cherry is not entitled to discovery because there is no difference between his two claims and he should not be able to evade the traditional limitations on discovery for a claim for denial of benefits by casting it as a claim for breach of fiduciary duty. (Dkt. No. 13 at 3–4.)

**Discussion**

Claims for denial of benefits and breach of fiduciary duty entail different standards of review and scope of discovery. Judicial review of a claim for denial of benefits under Section 1132(a)(1)(B) is de novo "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan," in which case review is abuse of discretion. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). These standards recognize the fiduciary relationship between the plan administrator and the participant and derive from principles of trust law. Id. at 110–15.

Review of a claim for denial of benefits is ordinarily limited to the administrative record, although a court can consider new evidence "when circumstances clearly establish that additional

evidence is necessary to conduct an adequate de novo review of the benefit decision." Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan, 46 F.3d 938, 944 (9th Cir. 1995). That deferential standard of review is not necessarily the same for other claims arising under ERISA. See Firestone Tire & Rubber Co., 489 U.S. at 109 ("[w]e express no view as to the appropriate standard of review for actions under other remedial provisions of ERISA."). Where Congress has not limited judicial review, the ordinary rules apply. Discovery in civil cases is presumptively broad. Parties are entitled to discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. Rule 26(b).

Courts have consistently permitted discovery on Section 1132(a)(3) claims. E.g., Guenther v. Lockheed Martin Corp., 646 F. App'x 567, 570 (9th Cir. 2016) (on remand, district court should permit discovery with respect to claim for equitable relief under ERISA); Hancock v. Aetna Life Ins. Co., 321 F.R.D. 383, 389 (W.D. Wash. 2017) (collecting cases). The rationale for allowing discovery on a claim for breach of fiduciary duty is generally twofold. First, as discussed above, the standard of review is not the deferential de novo (or abuse of discretion) standard on a claim for denial of benefits. Firestone Tire & Rubber Co., 489 U.S. at 109. Second, a claim for fiduciary breach is distinct from a claim for denial of benefits. A denial-of-benefits claim alleges that the fiduciary, acting in the scope of their duties, incorrectly denied benefits and seeks a review of the decision. A claim for fiduciary breach alleges that the fiduciary has violated their obligations as a fiduciary. It may or may not be preceded by, or

related to, an administrative record.  As a result, proving a claim for fiduciary breach may require facts outside the administrative record.  See Jensen v. Solvay Chems., Inc., 520 F.Supp.2d 1349, 1355–56 (D. Wyo. 2007).  Discovery will depend on the facts and claims at issue, and it is up to the Court to limit and manage discovery according to "the needs of the case."  F.R.C.P. Rule 26(b).

Prudential has provided no cases in which a court barred discovery on a viable Section 1132(a)(3) claim.  Rather, Prudential argues that Mr. Cherry's Section 1132(a)(3) claim for breach of fiduciary duty duplicates his Section 1132(a)(1)(B) claim for denial of benefits and is a mere stratagem for evading the limitations on discovery for his first claim.

In his Section 1132(a)(1)(B) claim, Mr. Cherry alleges that Prudential wrongfully denied his claim for benefits and seeks payment of monthly benefits from April 1, 2019 through the date of judgment; compensation for treatment costs he incurred which would have been covered under the plan; prejudgment interest; a declaration that he is disabled under the plan and entitled to benefits; and attorney's fees and costs.  (Dkt. No. 1 at 8–9.)  In his Section 1132(a)(3) claim, he alleges Prudential breached its fiduciary duties by, in sum, acting not as an impartial administrator of the benefits plan but instead actively looking for ways to terminate his claim.  Id. at 9–12.  For example, Mr. Cherry alleges that Prudential solicited medical opinions from consultants "it knows to be biased" in favor of insurance companies and continued to rely on their opinions "even when presented with information demonstrating or tending to demonstrate that those consultants were biased or unqualified or unreliable."  Id. at 10.  He seeks surcharge and injunctive relief on this claim.  Id. at 13.

The claims are not the same and Mr. Cherry seeks distinct forms of relief for them.  If Mr. Cherry prevails on his claim for denial of benefits, he could still be afforded injunctive relief

on his claim for fiduciary breach by an order directing Prudential to change its policies and practices to conform to the obligations imposed by ERISA. That kind of relief is unavailable under Section 1132(a)(1)(B).

It is true that the claims overlap. But where they do, they operate as alternate theories of liability. Pleading multiple causes of action and alternative theories of liability is a standard practice of civil litigation. See F.R.C.P. Rule 8(a)(3). And it is permissible under ERISA. To further clarify, the Ninth Circuit has held that a plaintiff may seek relief under both Section 1132(a)(1)(B) and Section 1132(a)(3) and that such claims "may proceed simultaneously so long as there is no double recovery." Moyle v. Liberty Mut. Retirement Ben. Plan, 823 F.3d 948, 960–61 (9th Cir. 2016), as amended on denial of reh'g and reh'g en banc (Aug. 18, 2016).

The Court finds that limited discovery is appropriate on Mr. Cherry's Section 1132(a)(3) claim and GRANTS Mr. Cherry's motion to compel to the extent set forth in this order.

The clerk is ordered to provide copies of this order to all counsel.

Dated June 29, 2021.

Marsha J. Pechman
United States District Judge