Hon. Marsha J. Pechman
Trial Date: December 20, 2021

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

ANDREW CHERRY,

       Plaintiff,

   v.

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

       Defendant.

Case No. 2:21-cv-00027-MJP

**DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT OR, IN THE
ALTERNATIVE, RULE 52 MOTION
FOR JUDGMENT, ON PLAINTIFF'S
CLAIM FOR BENEFITS UNDER
ERISA 29 U.S.C. § 1132(a)(1)(B)**

NOTE ON MOTION CALENDAR:

October 8, 2021

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ................................................................................................ 1

II.  STATEMENT OF FACTS ................................................................................ 2

  A.  The LTD Plan Provides Benefits Only For So Long As The Claimant Meets The Definition of "Disability" ........................................................ 2

  B.  Plaintiff Received LTD Benefits While Working Part-Time, But Regained The Capacity To Work Full-Time Again ................................................ 4

    1.  Plaintiff stopped working full-time in June 2016 but was able to work part-time only two months later ........................................... 4

    2.  Prudential approved Plaintiff's claim for LTD benefits because, at that time, he could only work part-time in his regular occupation. ........... 4

    3.  Plaintiff continued working part-time, but then stopped working again in December 2017 without any medical justification ...................... 5

    4.  The independent medical examination confirmed Plaintiff still had part-time work capacity. ................................................... 6

    5.  Plaintiff returned to work after Prudential advised him that his LTD benefits would end under the terms of the LTD Plan if he did not return to work part-time. ................................................ 7

    6.  Prudential obtained a second independent examination of Plaintiff which confirmed that psychological factors affected his pain complaints. ................................................................. 8

    7.  The IME physician reviewed the psychology IME and updated medical records, and confirmed with Plaintiff's treating physiatrist that Plaintiff could gradually return to work full-time ...................... 9

    8.  Prudential terminated LTD benefits because the evidence showed that Plaintiff could return to full-time work ................................ 10

    9.  Plaintiff appealed Prudential's termination of benefits. ...................... 11

    10.  Prudential obtained a second independent medical examination to confirm Plaintiff's capacity ................................................ 12

    11.  Plaintiff filed a second appeal of Prudential's decision ...................... 13

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - i

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

12. Prudential upholds its decision based on a file review by the second IME physician. ................................................................. 14

III. ARGUMENT ................................................................................................ 15

    A. Standard of Review ........................................................................... 15

    B. The Court Should Affirm Prudential's Decision To Terminate Benefits Because It Was Correct As A Matter Of Law. ..................................... 18

        1. The evidence demonstrates that Plaintiff was no longer disabled under the LTD Plan. ............................................................... 18

        2. Plaintiff's treating providers' opinions are not entitled to more weight. ................................................................................. 20

        3. Plaintiff was not entitled to ongoing benefits because his impairment was due in part to somatic symptom disorder. ..................... 22

        4. Plaintiff was not receiving appropriate care for his somatic symptom disorder and thus was not disabled under the LTD Plan .......... 23

    C. If the Court Finds Plaintiff Remained Disabled Beyond April 1, 2019, the Proper Remedy Is Remand for Determination of Whether He Continued To Be Eligible for Benefits Once He Stopped Working for Microsoft. .............. 24

IV. CONCLUSION ............................................................................................. 25

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - ii

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armani v. Nw. Mut. Life Ins. Co.*,
840 F.3d 1159 (9th Cir. 2016) ...................................................................................15

*Biggar v. Prudential Ins. Co. of Am.*,
274 F. Supp. 3d 954 (N.D. Cal. 2017), appeal dismissed, No. 17-16780, 2018
WL 1176557 (9th Cir. Jan. 19, 2018) ......................................................................21

*Boyd v. Bell*,
410 F.3d 1171 (9th Cir. 2005) ...................................................................................17

*Bunger v. Unum Life Ins. Co. of Am.*,
196 F. Supp. 3d 1175 (W.D. Wash. 2016)...........................................................24, 25

*DeBenedictis v. Hartford Life & Acc. Ins. Co.*,
701 F. Supp. 2d 1113 (D. Ariz. 2010) ......................................................................22

*DiPietro v. Prudential Ins. Co. of America*,
No. 03 C 1018, 2004 WL 626818 (N.D.Ill. Mar. 26, 2004) ....................................22

*Gallupe v. Sedgwick Claims Mgmt. Servs. Inc.*,
358 F. Supp. 3d 1183 (W.D. Wash. 2019) (Pechman, J.)...................................16, 17

*Gorena v. Aetna Life Ins. Co.*,
No. C17-532 MJP, 2018 WL 3008873 (W.D. Wash. June 15, 2018) ......................17

*Hawkins v. First Union Corp. Long-Term Disability Plan*,
326 F.3d 914 (7th Cir. 2003) .....................................................................................21

*Howard v. Blue Cross Blue Shield*,
822 Fed. App'x 628 (9th Cir. 2020) ..........................................................................17

*Landree v. Prudential Ins. Co. of Am.*,
833 F. Supp. 2d 1266 (W.D. Wash. 2011)................................................................17

*Louis v. Hartford Life & Accident Ins. Co.*,
No. C19-56 MJP, 2020 WL 39145 (W.D. Wash. Jan. 3, 2020) (Pechman, J.),
appeal dismissed, No. 20-35082, 2020 WL 4464247 (9th Cir. June 11, 2020)................15, 16

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - iii

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

*Martin v. Aetna Life Ins. Co.*,
   No. 15–7355, 2016 WL 6997484 (C.D. Cal. Nov. 30, 2016)..................................21

*McDaniel v. Chevron Corp.*,
   203 F.3d 1099 (9th Cir. 2000) ...............................................................................17

*Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*,
   46 F.3d 938 (9th Cir. 1995) ...........................................................................24, 25

*Muniz v. Amec Constr. Mgmt., Inc.*,
   623 F.3d 1290 (9th Cir. 2010) .........................................................................15, 16

*Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625*,
   856 F.3d 686 (9th Cir. 2017) ..................................................................................17

*Richards v. Unum Life Ins. Co. of Am.*,
   No. 1:09-CV-953, 2010 WL 4117364 (W.D. Mich. Oct. 19, 2010) ......................25

*Richardson v. Triad Hosps., Inc. Grp. Long Term Disability Plan*,
   No. CIV.A 409104TLW, 2010 WL 503103 (D.S.C. Feb. 8, 2010).........................25

*Ringwald v. Prudential Ins. Co. of Am.*,
   754 F. Supp. 2d 1047 (E.D. Mo. 2010)...................................................................23

*Taylor v. Reliance Standard Life Ins. Co.*,
   837 F. Supp. 2d 1194 (W.D. Wash. 2011)...............................................................21

**Statutes**

29 U.S.C. § 1132(a)(1)(B) ............................................................................1, 2, 25

ERISA ..................................................................................................1, 2, 16, 17

ERISA § 1132(a)(3) ...................................................................................................2

**Other Authorities**

Fed. R. Civ. P. 52 ................................................................................................1, 16

Fed. R. Civ. P. 56 ................................................................................................1, 16

WAC 284-50-321 .....................................................................................................17

WAC 284-96-012 .....................................................................................................16

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - iv

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1     Defendant, The Prudential Insurance Company Of America ("Prudential"), through its

2  attorneys and pursuant to Fed. R. Civ. P. 52 and 56, hereby submits this memorandum and

3  respectfully moves for judgment on Plaintiff's ERISA claim for long-term disability ("LTD")

4  benefits under 29 U.S.C. § 1132(a)(1)(B).

5     For the reasons set forth below, Prudential prays that its motion be granted, that judgment

6  be entered for Prudential, that Prudential be awarded its costs and attorneys' fees as provided by

7  law, and that the Court grant Prudential such further relief as to which it may be entitled.

## I.    INTRODUCTION

9     Plaintiff Andrew Cherry stopped working as software engineer for Microsoft on June 20,

10  2016 due to back pain that, at the time, limited his ability to sit. He was able to return to work

11  part-time after two months, but made a claim for long-term disability ("LTD") benefits under

12  Microsoft's ERISA-governed employee welfare benefit plan (the "LTD Plan"). Prudential,

13  which insures the LTD benefits, initially approved Plaintiff's claim while he was working part-

14  time.

15     Prudential paid Plaintiff 26.5 months of LTD benefits. Two independent physicians who

16  examined Plaintiff and Plaintiff's own treating physiatrist agreed that, physically, Plaintiff was

17  able to increase from part-time to full-time work by that point. The unrebutted report of an

18  independent examining neuropsychologist is that Plaintiff suffers from somatic symptom

19  disorder. Thus, to the extent Plaintiff did not return to work as the independent examining

20  doctors (and Plaintiff's physiatrist) agreed he should be able to, it could only be due to that

21  mental health condition. The LTD plan however, only pays 24 months of benefits for disabilities

22  that, like Plaintiff's are due in whole *or in part* to mental illness and Prudential has already paid

23  more than that.

24     The administrative record leaves no question that Prudential's termination of benefits was

25  correct. Should the Court disagree, however, the proper remedy would be to remand the claim to

26  
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Prudential to determine if Plaintiff remained eligible for benefits under the LTD Plan, which provides that LTD benefits will terminate "after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to." Given the undisputed fact that Plaintiff could work part-time, Prudential would need to gather evidence regarding Plaintiff's work capacity and employment activity in order to evaluate whether Plaintiff remained eligible for benefits.[1] The evidence in the record to date suggests that he stopped working part time and thus would be ineligible for further benefits in any event.

For these reasons, and as explained below, the Court should enter judgment for Prudential on Plaintiff's ERISA claim for benefits and dismiss that claim with prejudice.

## II.    STATEMENT OF FACTS

### A.    The LTD Plan Provides Benefits Only For So Long As The Claimant Meets The Definition of "Disability"

Prudential has issued a group insurance contract to Microsoft that provides LTD coverage for certain Microsoft employees. (Dkt. 1 and 10 at ¶¶ 1.2, 2.2-2.3, 3.1; AR 4290-6290.[2]) The Certificate, which pursuant to the group contract sets forth the terms of the disability coverage, defines "disability" as follows:

> You are disabled when Prudential determines that, due to your *sickness* or *injury*:
>
> - you are unable to perform the material and substantial duties of your regular occupation or you have a 20% or more loss in your monthly earnings; and
>
> - you are under the regular care of a doctor.
>
> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury:

---

[1] Plaintiff has two ERISA claims against Prudential -- a claim for benefits under ERISA, 29 U.S.C. § 1132(a)(1)(B), and a claim for equitable relief under ERISA § 1132(a)(3) (Dkt. 1 at ¶¶ 7.1-7.14). Per the parties' agreement and the Court's order on August 18, 2021 (Dkt. 24), the claim for benefits will be decided "on the papers," and the claim for equitable relief is reserved for trial.

[2] The citations to the bates-numbered pages from the Administrative Record, filed with the Court, are abbreviated. The full bates-numbering for the documents contained in the Administrative Record is PRU 077212-002712-XXXXXX. We refer only to the last non-zero digits of these numbers, for the sake of brevity.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 2

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

- you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education, training or experience; and

- you are under the regular care of a doctor.

(AR 4316.) The Certificate defines "regular care" as "you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s)" and "you are receiving the most appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards." (AR 4317.)

Disabilities due to a sickness or injury which, "as determined by Prudential, are due in whole or part to mental illness" have a limited pay period of 24 months. (AR 4326.) The Certificate defines "mental illness" as follows:

> ***Mental illness*** means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

(AR 4327.)

The LTD Plan does not provide for unlimited benefits. Rather, the Certificate provides as follows:

> We will stop sending you payments and your claim will end on the earliest of the following:
>
> 1. During the first 24 months of payments, when you are able to work in your regular occupation on a ***part-time basis*** but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to. …
>
> 3. The date you are no longer disabled under the terms of the LTD Plan.
>
> 4. The date you fail to submit proof of continuing disability satisfactory to Prudential. …

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings."

(AR 4325.)

**B.    Plaintiff Received LTD Benefits While Working Part-Time, But Regained The Capacity To Work Full-Time Again**

1.    Plaintiff stopped working full-time in June 2016 but was able to work part-time only two months later.

Plaintiff is 47 years old. (AR 23.) He worked as a software engineer, a sedentary occupation, for Microsoft until he stopped working on June 20, 2016, due to low-back pain. (AR 25, 53-54, 61.) He filed a claim for Short-Term Disability ("STD") benefits under Microsoft's STD Program, which Prudential reviewed and Microsoft paid.[3] (AR 23-27, 69-71.) He returned to work part-time on September 20, 2016, and continued to work part-time and receive STD benefits from Microsoft through January 13, 2017. (AR 239, 252, 638-47.)

2.    Prudential approved Plaintiff's claim for LTD benefits because, at that time, he could only work part-time in his regular occupation.

On February 13, 2017, as part of Prudential's ongoing review, Prudential physical therapist Melissa Perez, PT, reviewed records from Plaintiff's treating physiatrist (Dr. Chimes), primary care physician (Dr. Girolami), chiropractor (Dr. Barnick), and two orthopedic surgery consults, as well as physical therapy records and diagnostic imaging reports. (AR 633-36.) Ms. Perez concluded that Plaintiff's lumbar MRI showed a left sided L5-S1 disc herniation, which was consistent with his low-back and left-leg pain, and that his current treatment records supported that he had trouble sitting and standing and increased pain with activity. (AR 633.) Ms. Perez determined that Plaintiff could sit up to 4 hours per day for 30-45 minutes at a time, with the option to alternate between sitting and standing, and occasionally walking, and lift no more than 10 pounds occasionally. (*Id.*) Ms. Perez noted that Plaintiff was engaged in physical

---

[3] Microsoft pays for short-term disability ("STD") benefits for employees through a separate STD Program, which Prudential administers. STD benefits are not at issue in this case.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1   therapy, taking pain medication, and seeing a chiropractor and wanted to return to skiing and

2   work. (*Id*.) Ms. Perez opined that Plaintiff would likely be able to return to full-time work given

3   his continued improvement. (*Id*.)

4       On February 21, 2017, Prudential approved Plaintiff's claim for LTD benefits under the

5   LTD Plan effective January 14, 2017.[4] (AR 638-47.)

6           3.      <u>Plaintiff continued working part-time, but then stopped
                    working again in December 2017 without any medical
7                   justification.</u>

8       On June 6, 2017, approximately five months after Prudential approved Plaintiff's LTD

9   claim, Ms. Perez reviewed his updated physical therapy records. (AR 850.) The records showed

10  that Plaintiff was working up to 15 hours/week and continued to improve, with exercises

11  demonstrating he had both decreased pain and increased mobility. (*Id*.) In December 2017,

12  however, only a few months later, Plaintiff took unpaid leave from Microsoft without notifying

13  Prudential. (AR 1005, 1008, 1049, 1067, 1071.) Prudential only learned of Plaintiff's sudden and

14  unexplained leave from Microsoft itself. On February 9, 2018, Microsoft reported that Plaintiff

15  was scheduled to be on leave through February 28, 2018. (AR 1005, 1008, 1049, 1067, 1071,

16  1077.)

17      On February 20, 2018, Prudential called Plaintiff to find out why he suddenly stopped

18  working part-time. (AR 1080.) It took Plaintiff until March 7, 2018 to return Prudential's call.

19  He said only that had not been working because it was "creating more problems," and that his

20  new treating physiatrist, Dr. Berry, had advised him to work as he was able. (AR 1107-08.) He

21  claimed he was going to attempt to return to work in May. (AR 1109.) Prudential's Dr. Alison

22  Baker (board-certified in physical medicine and rehabilitation) reviewed Plaintiff's claim on

---

[4] Even though Plaintiff was working part-time, he still received full LTD benefits because he had a 20% or more loss in his monthly earnings. (AR 641, 4316.) The LTD Plan provides that, for the first 24 months, a claimant is considered disabled "when Prudential determines that, due to your sickness or injury: you are unable to perform the material and substantial duties of your regular occupation **or** you have a 20% or more loss in your monthly earnings; and you are under the regular care of a doctor. (AR 4316) (emphasis added).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

March 15, 2018, however, and found there was no clear medical reason for Plaintiff to stop

working, and recommended that Plaintiff undergo an Independent Medical Examination ("IME")

with a physician board-certified in physical medicine and rehabilitation or orthopedics. (AR

1111.)

        4.    <u>The independent medical examination confirmed Plaintiff</u>
<u>still had part-time work capacity.</u>

Plaintiff attended the IME on April 19, 2018 with Dr. Daniel Brzusek, a physician board-

certified in physical medicine and rehabilitation. (AR 1159-60, 1169, 1189-1206.) In his report,

Dr. Brzusek wrote the following regarding his exam of Plaintiff's back: "Tenderness is minimal

in the lumbar paraspinal muscles. No spasms. Muscle tone: good. Gait is regular. Patient is able

to heel and toe walk normally. Tandem walking is normal. Patient is able to squat. The patient is

able to hop on either foot without any significant increase in pain in his lower back or leg." (AR

1193-94.) Dr. Brzusek further found that Plaintiff had only a slightly decreased range of motion.

(*Id.*) Based on his examination of Plaintiff and his review of the medical records, Dr. Brzusek

concluded that Plaintiff could sit for 15-30 minutes at a time up to 4 hours/day; walk 15-30

minutes at a time up to 4 hours/day; lift up to 10 pounds constantly, and up to 15 pounds

frequently; and perform repetitive and fine motor hand activities continuously. (AR 1199.)

Dr. Brzusek also found that Plaintiff's subjective complaints were out of proportion to the

objective findings and concluded that there were psychological factors affecting Plaintiff's

perception of his pain. (AR 1199-1200.) Specifically, Dr. Brzusek found that Plaintiff was "quite

worried about his back situation" and "perceive[ed] himself as being impaired" but that, in his

medical opinion, Plaintiff was not significantly impaired. (AR 1196, 1200.) Dr. Brzusek

recommended a psychological assessment. (*Id.*)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

5.   <u>Plaintiff returned to work after Prudential advised him that his LTD benefits would end under the terms of the LTD Plan if he did not return to work part-time.</u>

On May 22, 2018, Prudential nurse Constance Tidd reviewed Dr. Brzusek's IME report and agreed that it showed Plaintiff could work part-time. (AR 1213.) Nurse Tidd also agreed that Plaintiff should undergo a psychological evaluation. (*Id*.) Steve Lambert, a Prudential vocational rehabilitation specialist, found that Plaintiff could perform his sedentary occupation at Microsoft part-time within the restrictions outlined in the IME. (*Id*.) On June 6, 2018, Microsoft confirmed that Plaintiff had not returned to work, but that his position was still available to him. (AR 1214, 1217.)

Accordingly, on June 6, 2018, by phone and by letter, Prudential advised Plaintiff that the IME established that he still had part-time work capacity; that Microsoft had confirmed that his position was still available on a part-time basis; and that under the terms of the LTD Plan, his LTD claim would have to be terminated if he chose not to return on a part-time basis. (AR 1219-22.) On July 2, 2018, Plaintiff returned to work three hours per day. (AR 1224, 1226, 1228-31.)

On July 12, 2018, to evaluate Plaintiff's continued eligibility for benefits, Prudential decided to proceed with the psychological assessment, based on Dr. Brzusek's recommendation. (AR 1232.) On July 19, 2018, Prudential explained to Plaintiff that disabilities due in whole or in part to mental illness were limited to 24 months of benefits under the LTD Plan. (AR 1234-37.) Prudential also explained to Plaintiff how the LTD Plan's definition of disability changed after 24 months of payments from one based on his ability to perform his "regular occupation" to one based on his ability to perform "any gainful occupation," and that the "regular occupation" period for his claim would end on January 14, 2019. (*Id*.)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1

2

6.   <u>Prudential obtained a second independent examination of Plaintiff which confirmed that psychological factors affected his pain complaints.</u>

3   In August 2018, in order to thoroughly evaluate Plaintiff's claim and based on Dr.

4   Brzusek's findings, Prudential requested Plaintiff attend an in-person evaluation with a

5   psychologist. (AR 1259-63, 1283, 1293.) On August 28, 2018, Plaintiff underwent the

6   independent psychological evaluation with Dr. James Bryan (board-certified in clinical

7   neuropsychology). (AR 1312-1329.) While Plaintiff questioned whether he could tolerate more

8   than three hours, he was, in fact, able to complete the interview and testing, which lasted

9   approximately 5.5 hours. (AR 1320.)

10   In his September 6, 2018 report, Dr. Bryan concluded that, based on his testing,

11   Plaintiff's excessive focus on subjective pain warranted a diagnosis of somatic symptom disorder

12   ("SSD"). (AR 1323.) Dr. Bryan explained that this meant that Plaintiff's excessive focus upon

13   monitoring his pain and physical status interfered with his ability to complete typical home and

14   work tasks. (AR 1321-23.) Dr. Bryan found that Plaintiff was "highly focused upon pain

15   symptoms" and that "[h]is self-report shows that he emphasizes pain and distress in conjunction

16   with exertion or increase in activity." (AR 1324, 1326.) Dr. Bryan explained that cognitive

17   behavioral strategies would likely help reduce Plaintiff's focus on pain and increase his tolerance

18   of activity. (*Id.*) Dr. Bryan concluded that Plaintiff needed mental health treatment, such as

19   psychotherapy through a multi-disciplinary pain program, which would likely employ a

20   cognitive-behavioral approach for stress management, and would likely reduce his excessive

21   focus upon and self-monitoring of pain. (AR 1328.)

22   On September 18, 2018, Dr. Kevin Hayes (board-certified in psychiatry) reviewed Dr.

23   Bryan's IME report and found that it supported psychiatric impairment through January 14, 2019

24   in order to allow Plaintiff the opportunity to obtain the recommended treatment and gradually

25   ramp up to full-time work. (AR 1361.) Dr. Hayes opined that Plaintiff's "psychiatric condition

26

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1   appears to have been present since the date of disability." (*Id.*) On November 5, 2019, Prudential

2   claim manager Kelly Tillotson noted that, based on Dr. Hayes' review, restrictions and

3   limitations related to somatic symptom disorder were supported through January 14, 2019, the

4   24-month benefit maximum, and Prudential would request updated medical records to assess

5   Plaintiff's functional capacity from a physical perspective. (AR 1408.)

6            7.      The IME physician reviewed the psychology IME and
                     updated medical records, and confirmed with Plaintiff's
7                    treating physiatrist that Plaintiff could gradually return to
                     work full-time.
8

9            On January 11, 2019, as part of its ongoing, meaningful dialogue with Plaintiff,

10  Prudential again advised him that the definition of disability under the LTD Plan changed after

11  24 months of payments to the "any gainful occupation" definition. (AR 1673.) After obtaining

12  updated medical records, Prudential requested that Dr. Brzusek review Dr. Bryan's IME report

13  and the updated records. (AR 1646, 1653-55, 1660, 1663, 1673-74, 1679.)

14           In his January 21, 2019 report (AR 1691-97), Dr. Brzusek concluded that, while Plaintiff

15  had certain limitations, he had the physical capacity to return to work full-time by gradually

16  increasing his hours to build up his tolerance. (AR 1693-95.) Dr. Brzusek recommended Plaintiff

17  start with 3 hours a day for one week, and increase one hour per day each week until he reached

18  a full 8-hour workday, over a 5-week period. (AR 1695.) Dr. Brzusek stated that the following

19  restrictions and limitations should be in place for only six months and then reevaluated: sitting

20  up to 1 hour at a time for a total of 4 hours per day; standing up to 30 minutes at a time for up to

21  4 hours per day; walking up to 1 hour at a time; lifting no more than 20 pounds, carrying no

22  more than 15 pounds; and no repetitive bending, stooping, or leaning. (*Id.*) As part of his review,

23  Dr. Brzusek spoke to Plaintiff's physiatrist Dr. Berry, who agreed that Plaintiff could gradually

24  return to work full-time. (AR 1709.) Dr. Brzusek wrote a letter to Dr. Berry to confirm that he

25  concurred in Dr. Brzusek's assessment. (*Id.*)

26  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
    ON PLAINTIFF'S CLAIM FOR BENEFITS
    UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1    On January 30, 2019, Prudential vocational rehabilitation specialist Steve Lambert

2  conducted an employability assessment using the restrictions and limitations from Dr. Brzusek's

3  IME addendum report. (AR 1715-17.) Mr. Lambert concluded that once Plaintiff regained the

4  ability to alternate sitting and standing throughout the work day, he could perform his regular

5  occupation using a sit/stand workstation. (AR 1716.)

6    On February 1, 2019, Prudential approved LTD benefits under the "any gainful

7  occupation" definition of disability because Plaintiff did not yet have the full-time work capacity

8  given the experts agreed he would have full-time capacity after a gradual increase in hours. (AR

9  1718-24.) Prudential also informed Plaintiff that he had exhausted benefits related to mental

10  illness. (AR 1720.)

11    Then, on February 5, 2019, Prudential received Dr. Berry's response to Dr. Brzusek's

12  letter. (AR 1729-31.) Dr. Berry signed indicating he "disagreed" with Dr. Brzusek's summary of

13  their conversation but stating only that, "We discussed a gradual RTW program. He would

14  increase his daily schedule 1 hour per week until he is back to 40 hours/week." (AR 1729.)

15    On February 22, 2019, Prudential discussed Dr. Berry's response with Plaintiff and asked

16  about his plans to increase his hours. (AR 1742.) Plaintiff was unsure and stated that he was

17  working 15 hours/week and seeing his physical therapist and chiropractor every other week. (*Id.*)

18  Prudential determined that it would continue to monitor Plaintiff's hours and, if he did not

19  increase his hours worked, would contact Dr. Brzusek to confirm his conclusion that Plaintiff

20  nonetheless had the capacity for full-time work. (AR 1743, 1748-58.)

21    8.    Prudential terminated LTD benefits because the evidence
            showed that Plaintiff could return to full-time work.

22

23    On April 8, 2019, Prudential consulted Dr. Brzusek again to confirm when Plaintiff

24  would be able to meet the requirements of his job on a full-time basis. (AR 1760-61.) In his April

25  9, 2019 addendum report, Dr. Brzusek reiterated that Plaintiff could increase his work hours on a

26  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
     OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
     ON PLAINTIFF'S CLAIM FOR BENEFITS
     UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 10

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

gradual basis, and he "would be able to meet the requirements for four hours sitting, greater than six hours sitting and standing at the end of six weeks graduated return to work." (AR 1777-78.) On April 18, 2019, Prudential claim manager Brandon Bartosz noted that Plaintiff was beyond the six weeks he needed for a gradual ramp-up to full-time work. (AR 1782.) Mr. Bartosz called Plaintiff that day and left a message regarding this determination. (AR 1786.)

By letter on April 19, 2019, Prudential terminated Plaintiff's claim for LTD benefits effective April 1, 2019 because the evidence showed that he needed approximately six weeks to ramp up to full time and the six weeks had passed. (AR 1781-82, 1788-91.) Prudential explained, "While you have exhibited part-time work capacity over the last 9 months, the reviewing physician, as well as your treating provider, Dr. Berry, concur that you should have been able to gradually increase to full-time employment by now." (AR 1788.)

9.   Plaintiff appealed Prudential's termination of benefits.

On October 16, 2019, Plaintiff appealed Prudential's decision to terminate his LTD benefits with his current counsel (AR 1805-20), and submitted a copy of the Software Developer job description from O*NET, along with an October 11, 2019 letter from his physical therapist, Paige Ruffo, MPT. (AR 1807.) Ms. Ruffo claimed that she did not believe Plaintiff could work full-time because he could not comfortably sit or stand for 30 minutes at a time, and he was only capable of sitting or standing up to 4 hours per day. (AR 1873.) On October 18, 2019, Plaintiff supplemented the appeal with a letter from his chiropractor Dr. Stephen Chan, who opined that Plaintiff was limited to working part-time, with no more than 4 hours of sitting per day, and that he could walk/stand no more than 15-30 minutes at a time up to 4 hours per day. (AR 1825-26.)

On October 30, 2019, Prudential's Dr. Richard Day (board-certified in physical medicine and rehabilitation) recommended obtaining yet another IME with a physician board-certified in

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

physical medicine and rehabilitation. (AR 1894.) Prudential began the process for scheduling the IME.[5] (AR 1896-1917, 1927-28, 1931.)

On November 19, 2019, Plaintiff's counsel submitted a functional capacity evaluation ("FCE") conducted by Christina Cassidy, OTR/L, M.Ed. on November 4-5, 2019. (AR 1938-58.) In direct contradiction to the opinions of Ms. Ruffo and Dr. Chan, Ms. Cassidy concluded that, due to low back pain, Plaintiff's projected work tolerance was 20-30 hours/week, 6 hours per day, with sitting for 30 minutes at a time up to 4 hours per day, standing for 20 minutes at a time up to 1.5 hours per day, walking for 30 minutes at a time up to 1.5 hours per day, alternately sitting/standing/walking for 3 hours at a time up to 6 hours per day, and alternately standing/walking up to 45 minutes at a time up to 2 hours per day. (AR 1941-42.) Ms. Cassidy, like the other experts, also noted that Plaintiff's responses to standardized symptom questionnaires suggested "significant symptom focus." (AR 1941, 1943, 1954-56.)

After confirming that Plaintiff could attend, Prudential arranged for an IME on December 14, 2019 with Dr. Sanders Chai in Seattle. (AR 1933-36, 1960-61, 1986, 1989-91.)

> 10.     <u>Prudential obtained a second independent medical examination to confirm Plaintiff's capacity.</u>

On December 14, 2019, Plaintiff attended the IME with Dr. Sanders Chai (board-certified in physical medicine and rehabilitation). (AR 2113-47.) Based on his examination of Plaintiff and his review of the medical records, the FCE report, and other submissions, Dr. Chai concluded that Plaintiff had certain impairments due to lumbar radiculopathy and lumbar strain, but that the restrictions and limitations reported in the FCE were temporary. (AR 2141-42.) He agreed with Dr. Brzusek that Plaintiff could gradually return to full-time work and believed it

---

[5] On October 30, 2019, Prudential began the process of arranging for the IME and scheduled an IME with Dr. Dennis Chong on December 5, 2019. (AR 1896-1917, 1928.) On November 7, 2019, Plaintiff's counsel called Prudential and explained that Dr. Chong's office was far away as it was in Tacoma, Washington, and requested that Prudential find a doctor who was in Seattle. (AR 1927.) On November 8, 2019, Prudential advised Plaintiff's counsel that it would accommodate this request and would try to find a doctor who was closer. (AR 1931.)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

would likely take up to four months. (AR 2140-42.) At that point, Dr. Chai believed Plaintiff would have no work restrictions. (AR 2142.) Dr. Chai believed that Plaintiff's self-reported functionality limitations stemmed mainly from his somatic symptom disorder, including his extreme guarding of maneuvers, but that otherwise Plaintiff was "a physically fit middle aged man who objectively has no organic basis for functional limitations." (AR 2141-43.) Dr. Chai noted that Plaintiff stated he had resigned from Microsoft in July 2019 and was self-employed working 3-5 hours/day for five days per week, and that Plaintiff had "physically healed" and was very active physically (exercising 20 minutes twice per day, physical therapy for 30 minutes 4 times/week, stretching, walking, hiking 1 mile 5-6 times/week). (AR 2136, 2138, 2143.)

On January 10, 2020, Prudential upheld its decision to terminate Plaintiff's claim because the supported restrictions and limitations stemmed from a somatic symptom disorder and not an organic physical impairment. Having already received 24 months of benefits based in part on his mental illness, Plaintiff was not eligible for any additional LTD benefits. (AR 2155-64, 2166-70.) Prudential also explained that the information did not support impairment that prevented Plaintiff from performing the material and substantial duties of any gainful occupation including his regular occupation. (AR 2159.)

11.   Plaintiff filed a second appeal of Prudential's decision.

On August 14, 2020, Plaintiff filed a second appeal with his current counsel and submitted updated medical records, declarations from Plaintiff and his wife, a letter from Dr. Berry (his former physiatrist), and a functional capacity questionnaire completed by Dr. Singh (Plaintiff's physiatrist as of November 2019). (AR 2244-2322.) Plaintiff's declaration went on for 20 single-spaced pages of text and discussed in great detail the FCE, Dr. Chai's IME (including his detailed critique of Dr. Chai's flexion measurements and reflex tests, as well as other testing he performed), his recent work efforts, and the impact of his disability on his family. (AR 2413-2432.)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 13

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

In his June 17, 2020 letter, Dr. Berry stated that he did not believe that Plaintiff should have been able to return to full-time work by any date certain. (AR 2474.) In the July 23, 2020 functional capacity questionnaire, Dr. Singh stated that Plaintiff could sit up to 10 minutes at a time, stand up to 10-15 minutes at a time, sit up to 4 hours in an 8-hour day, and stand/walk up to 4 hours in an 8-hour day. (AR 2475-81.) Dr. Singh did not explain any reason why Plaintiff's capacity had decreased since the FCE. (*Id.*)

12.     <u>Prudential upholds its decision based on a file review by the second IME physician.</u>

To review the appeal, Prudential asked Dr. Chai to review the updated records and other submissions. (AR 3549-50.) Prudential also confirmed with Microsoft that Plaintiff was no longer working there part-time and that his last day of employment was June 30, 2019. (AR 2438, 3006.)

In his October 6, 2020 report, Dr. Chai explained that the new documentation did not alter his prior assessment -- he endorsed the restrictions and limitations he laid out in his IME report and reiterated his agreement with Dr. Brzusek that Plaintiff had capacity to increase to full-time work. (AR 4116-22.) Regarding Dr. Berry's letter, Dr. Chai noted that Dr. Berry did not provide any substantive evidence for his opinion. (AR 4120.) Dr. Chai stated that Dr. Singh's restrictions and limitations were a "reasonable starting point to reintroduce [Plaintiff] to work" and that Plaintiff "should be able to over time advance from such limitations and requirements." (AR 4121.) Dr. Chai continued to believe that Plaintiff's self-reported functional limitations stemmed from his somatic symptom disorder and noted that this conclusion was reinforced by the fact that Plaintiff's declaration went into great depth regarding his symptoms. (AR 4121-22.)

On October 13, 2020, Prudential provided Plaintiff's counsel with a copy of Dr. Chai's report and the opportunity to respond. (AR 4144-46.) On November 18, 2020, Plaintiff's counsel responded with a letter critiquing Dr. Chai's report and submitted medical records from Dr.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 14

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Attaman, a new physiatrist whom Plaintiff first saw in August 2020. (AR 4160-4203.) Upon review, Prudential determined, in consultation with Dr. Jonathan Mittelman (board-certified in occupational medicine) that these new records would not assist in understanding Plaintiff's functional capacity given that benefits were terminated on April 1, 2019, over a year earlier. (AR 4206.)

On December 7, 2020, Prudential again upheld its decision to terminate benefits. (AR 4207-4223.) Prudential explained that, while Dr. Chai found Plaintiff had certain limitations, these limitations stemmed only from Plaintiff's somatic symptom disorder, and Plaintiff had already exhausted benefits for disabilities due in part to mental illness. (AR 4211.) Prudential also explained that, as such, Plaintiff did not have any physical impairments that prevented him performing the material and substantial duties of any gainful occupation, including his regular occupation. (*Id.*)

### III.   ARGUMENT

#### A.   Standard of Review

Plaintiff bears the burden of proving by a preponderance of the evidence that he is disabled within the meaning of the LTD Plan. *See Armani v. Nw. Mut. Life Ins. Co.*, 840 F.3d 1159, 1162–63 (9th Cir. 2016); *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1294 (9th Cir. 2010). *See also Louis v. Hartford Life & Accident Ins. Co.*, No. C19-56 MJP, 2020 WL 39145, at *7 (W.D. Wash. Jan. 3, 2020) (Pechman, J.) (same), appeal dismissed, No. 20-35082, 2020 WL 4464247 (9th Cir. June 11, 2020). To prevail, Plaintiff must prove that he was unable to perform the material and substantial duties of any gainful occupation and that his disability was not due in part to mental illness. Further, if he was still able to work in any gainful occupation on a part-time basis and he chose not to do so, he would no longer be eligible for LTD benefits.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 15

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1    Here, Prudential found that Plaintiff was not entitled to further LTD benefits under the

2    LTD Plan because (1) he was able to work part-time in a gainful occupation and to increase to

3    full-time work by April 1, 2019 but did not, and (2) he exhausted benefits payable due to mental

4    illness because his restrictions and limitations stemmed only from somatic symptom disorder.

5    When the review is *de novo*, the Court will conduct a trial on the administrative record under

6    Rule 52, and the Court "may evaluate the persuasiveness of conflicting testimony and make

7    findings of fact and conclusions of law." *Louis*, 2020 WL 39145, at *7; *Gallupe v. Sedgwick*

8    *Claims Mgmt. Servs. Inc.*, 358 F. Supp. 3d 1183, 1190 (W.D. Wash. 2019) (Pechman, J.). In

9    doing so, "the court does not give deference to the claim administrator's decision, but rather

10   determines in the first instance if the claimant has adequately established that he or she is

11   disabled under the terms of the LTD Plan." *Muniz*, 623 F.3d at 1295–96 (9th Cir. 2010).

12   However, where review is for abuse of discretion, the Court will decide an ERISA benefits case

13   on cross-motions for summary judgment under Rule 56, examining the administrative record as a

14   body of undisputed facts. *Gallupe*, 358 F. Supp. 3d at 1190.

15       Plaintiff concedes that the Microsoft Corporation Welfare Plan and SPD grant discretion

16   to Prudential to interpret the LTD Plan, make factual findings, and determine eligibility for LTD

17   benefits. (*See, e.g.*, AR 4370-71, 4384, 4388, 4742-43, 5106-07, 5470-71, 5840-41, 6274-75;

18   Dkt. 1 and 10 at ¶ 3.2.) Although Washington has a ban on discretionary clauses, WAC 284-96-

19   12,[6] the cases in this district that have found that Washington's ban applies to ERISA cases are

20

21   _____

     [6] Wash. Admin. Code 284-96-012(1), governing group insurance policies, provides:

22        No disability insurance policy may contain a discretionary clause. "Discretionary clause" means a
          provision that purports to reserve discretion to an insurer, its agents, officers, employees, or

23        designees in interpreting the terms of a policy or deciding eligibility for benefits, or requires
          deference to such interpretations or decisions, including a provision that provides for any of the

24        following results:

          (a) That the insurer's interpretation of the terms of the policy is binding;

25
          (b) That the insurer's decision regarding eligibility or continued receipt of benefits is binding;

26   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
     OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
     ON PLAINTIFF'S CLAIM FOR BENEFITS
     UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 16

                                                          SEYFARTH SHAW LLP
                                                             Attorneys at Law
                                                           999 Third Avenue
                                                               Suite 4700
                                                         Seattle, WA 98104-4041
     74524725v.7                                             (206) 946-4910

distinguishable because they did not involve discretionary language in employer plan documents, as is the case here. *See, e.g.*, *Gorena v. Aetna Life Ins. Co.*, No. C17-532 MJP, 2018 WL 3008873, at *4 (W.D. Wash. June 15, 2018); *Landree v. Prudential Ins. Co. of Am.*, 833 F. Supp. 2d 1266, 1274 (W.D. Wash. 2011) (discretionary language only in Prudential-issued certificate of coverage). The Ninth Circuit has not examined Washington's ban, and although it has ruled that California's discretionary ban is not preempted by ERISA and applies to non-insurance policy plan documents, *see Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625*, 856 F.3d 686, 695 (9th Cir. 2017), the language in California's ban is broader than the language in Washington's statute. California's ban references "a policy, contract, certificate, or agreement", CA Ins. Section 10110.6, and Washington's ban references only a "disability insurance policy." WAC 284-50-321. For these reasons, the Court should apply the abuse of discretion standard of review. *Gallupe*, 358 F. Supp. 3d at 1189-90 (applying abuse of discretion standard where plan granted Sedgwick discretionary authority).

Under the abuse of discretion standard, this Court should affirm Prudential's decision, if it is based upon a reasonable interpretation of the LTD Plan's terms and was made in good faith. *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000). *See also Howard v. Blue Cross Blue Shield*, 822 Fed. App'x 628, 629 (9th Cir. 2020) (abuse of discretion only if illogical, implausible, or without support from inferences that may be drawn from factual record).[7]

---

(c) That the insurer's decision to deny, modify, reduce or terminate payment, coverage, authorization, or provision of health care service or benefits, is binding;

(d) That there is no appeal or judicial remedy from a denial of a claim;

(e) That deference must be given to the insurer's interpretation of the contract or claim decision; and

(f) That the standard of review of an insurer's interpretation of the policy or claim decision is other than a de novo review.

Identical language governs individual insurance policies. *See* Wash. Admin. Code 284-50-321.

[7] Notably, "[i]n the ERISA context, even decisions directly contrary to evidence in the record do not necessarily amount to an abuse of discretion." *Boyd v. Bell*, 410 F.3d 1171, 1178 (9th Cir. 2005) (quoting *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1473 (9th Cir. 1993)).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 17

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

Under either the abuse of discretion or *de novo* standard, Plaintiff cannot meet his burden to establish by a preponderance of the evidence that he is entitled to additional benefits.

**B.      The Court Should Affirm Prudential's Decision To Terminate Benefits Because It Was Correct As A Matter Of Law.**

To prevail, Plaintiff must prove that he is unable to perform the material and substantial duties of any gainful occupation due to his "sickness," here his back pain, and he must refute Prudential's conclusion that his disability was due "in whole or in part" to somatic symptom disorder. Plaintiff cannot do so. The evidence demonstrates conclusively that Plaintiff was not working to his full capacity and that he had the physical capacity to increase to full-time work. The evidence also demonstrates that his perception that he could not work full-time was due to somatization. The administrative record indeed leaves no question that Prudential's decision was correct.

1.      The evidence demonstrates that Plaintiff was no longer disabled under the LTD Plan.

Prudential's decision to terminate benefits is supported by three in-person examinations by independent board-certified physicians. Drs. Brzusek and Chai, both board-certified in physical medicine and rehabilitation, agreed that, while Plaintiff had certain restrictions and limitations, he was able to work part-time and to increase his hours to full-time over a short period of time. Dr. Brzusek's belief that Plaintiff's perception of his pain impacted his self-reported functionality was confirmed by an in-person psychological exam by Dr. Bryan (board-certified in clinical neuropsychology), which returned valid results and diagnosed Plaintiff with somatic symptom disorder. The record therefore demonstrates that Plaintiff's back pain no longer prevented him from working full-time.

Initially, there is no question that Plaintiff retained the capacity to work at least part-time. When he first stopped working in June 2016, he returned to work part-time only two months later. He continued to work part-time until December 2017, at which point he stopped working

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 18

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1   without any clear medical reason. When asked by Prudential, he claimed only that working was

2   "creating more problems," and that his new treating physiatrist Dr. Berry had advised him to

3   work as he was able. (AR 1107-08.) But Plaintiff had no issue returning to work part-time after

4   Dr. Brzusek's IME concluded he could do so, his treating physiatrist Dr. Berry agreed, and

5   Prudential advised him that he would no longer qualify for LTD benefits under the LTD Plan if

6   he did not return to work part-time. In fact, he was back at work at Microsoft within a matter of

7   weeks. Plaintiff's conduct undermines the credibility of his pain complaints -- he believed he

8   could not work at all until he was at risk of losing his LTD benefits, and then his pain no longer

9   prevented him from working. This behavior suggests that he *chose* not to work at all when he

10  actually still had part-time capacity.

11      Even Plaintiff's own FCE undermines his self-reported functionality. It found that

12  Plaintiff should be able to work 20-30 hours/week, 6 hours per day (AR 1941-42), yet when he

13  worked part-time for Microsoft, Plaintiff was typically working only 3 hours/day. Still, Plaintiff

14  consistently reported that he was active with exercise, taking care of his kids, errands, driving,

15  meal preparation, housekeeping, and financial management (AR 1316-1318, 2138), all

16  supporting that he had capacity to work full-time. While Plaintiff's (former) treating physiatrist

17  Dr. Berry never provided a date certain that Plaintiff could return to full-time work (AR 2474),

18  he confirmed that he did discuss (and agreed upon) a gradual return-to-work program with Dr.

19  Brzusek, through which Plaintiff "would increase his daily schedule 1 hour per week until he is

20  back to 40 hours/week." (AR 1729.) Further, Plaintiff's own evidence was inconsistent, with the

21  FCE finding that Plaintiff could work 20-30 hours/week, up to 6 hours per day, and his physical

22  therapist stating that he could only work up to 4 hours/day. (AR 1807, 1941-42.) And while

23  Plaintiff's chiropractor opined that Plaintiff was limited to working part-time, with no more than

24  4 hours of sitting and walking/standing for 15-30 minutes at a time up to 4 hours per day, (AR

25  1825-26), Prudential's vocational review concluded that Plaintiff actually could have performed

26  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
    ON PLAINTIFF'S CLAIM FOR BENEFITS
    UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 19

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

his regular occupation full-time within these restrictions by using a sit-stand workstation. (AR 1716.)

But beyond this, there is no dispute that Plaintiff was able to increase to full time work. Dr. Brzusek said so after examining Plaintiff. (AR 1189-1206, 1693-95.) Dr. Berry agreed. (AR 1729.) Dr. Chai examined Plaintiff and found there to be no physical reason why he could not work. These conclusions defeat any claim for further LTD benefits.

Plaintiff cannot meet his burden under the LTD Plan to prove that he remained unable to perform the material and substantial duties of any gainful occupation, including his regular occupation as a software engineer, due to his back pain, and Prudential correctly terminated his claim for LTD benefits.

2.    Plaintiff's treating providers' opinions are not entitled to more weight.

Prudential carefully considered the opinions of Plaintiff's treating providers, but there is no reason for the Court to tip the scales in favor of his treating providers' conclusions over the consistent opinions of the three independent physicians who conducted in-person examinations of Plaintiff (two board-certified physiatrists and one clinical neuropsychologist). In fact, Plaintiff's treating physiatrist, and the doctor who had certified disability, Dr. Berry, initially agreed with Dr. Brzusek that Plaintiff should be able to gradually increase his hours to return full-time. However, on second appeal, after evidently having been replaced by a new treating doctor who offered more favorable opinions, Dr. Berry tried to walk back his earlier concession. But even then, all he said was that he never agreed that Plaintiff should have been able to return to full-time work by any date certain. This does nothing to undermine the fundamental point that Plaintiff did have the capacity to ramp back up to full-time work. (AR 1729, 2474.) On second appeal, Plaintiff had his new physiatrist, Dr. Singh, opine on his capacity, and his restrictions and limitations were, in fact, more restrictive than any physician's so far; for example, Dr. Singh

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 20

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1   stated Plaintiff could only sit up to 10 minutes at a time, while the FCE found that Plaintiff could

2   sit up to 30 minutes at a time. (AR 1941-42, 2475-81.) Dr. Singh did not explain the basis for

3   these suddenly and dramatically increased restrictions. He offered nothing to refute the

4   conclusions of Plaintiff's own FCE that refuted these restrictions. (*Id*.)

5        As the Seventh Circuit recognized, "physicians naturally tend to support their patients'

6   disability claims, and so we have warned against the biases that a treating physician may bring to

7   the disability evaluation." *Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d

8   914, 917 (7th Cir. 2003) (quotation omitted). Likewise, in this District, "[a] plan administrator

9   'may not arbitrarily refuse to credit a claimant's reliable evidence, including the opinions of a

10  treating physician,' but is not required to automatically 'accord special weight to the opinions of

11  a claimant's physician.'" *Taylor v. Reliance Standard Life Ins. Co*., 837 F. Supp. 2d 1194, 1206

12  (W.D. Wash. 2011) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834

13  (2003)). *See also Biggar v. Prudential Ins. Co. of Am*., 274 F. Supp. 3d 954, 968–69 (N.D. Cal.

14  2017), appeal dismissed, No. 17-16780, 2018 WL 1176557 (9th Cir. Jan. 19, 2018) ("It is not

15  improper to discount even a treating physician's diagnosis where it does not have supportive

16  objective evidence, is contradicted by other statements and assessments of the claimant's

17  medical condition, and is based on the claimant's subjective descriptions of pain."; entering

18  judgment for defendant on *de novo* review) (internal quotation and citation omitted); *Martin v.*

19  *Aetna Life Ins. Co*., No. 15–7355, 2016 WL 6997484, *10 (C.D. Cal. Nov. 30, 2016)

20  ("[S]ubjective complaints of pain conveyed to a treating physician are inherently self-serving.").

21       Here, Prudential had ample reason to discount the conclusions of Plaintiff's treating

22  doctors. It received the thorough and consistent opinions of three independent physicians -- two

23  board-certified in physical medicine and rehabilitation, and one clinical neuropsychologist -- all

24  of whom personally examined Plaintiff. Prudential's decision to deny benefits was unequivocally

25  supported by all three of these independent physicians. Prudential did all that it could to

26  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
    ON PLAINTIFF'S CLAIM FOR BENEFITS
    UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 21

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

thoroughly evaluate the medical evidence in Plaintiff's file. *See, e.g.*, *DeBenedictis v. Hartford Life & Acc. Ins. Co.*, 701 F. Supp. 2d 1113, 1133 (D. Ariz. 2010) (administrator did not abuse its discretion in terminating LTD benefits, where it obtained "thorough and unbiased" IME, which supported that claimant's back pain did not prevent him from working in sedentary or light duty occupation); *DiPietro v. Prudential Ins. Co. of America*, No. 03 C 1018, 2004 WL 626818, *6 (N.D.Ill. Mar. 26, 2004) ("Insurance providers are not required to seek independent medical evaluations, but an evaluation by the insurer is evidence of a thorough investigation into the claim"). Prudential's reviewing physicians examined Plaintiff and considered the entire record. In contrast, the opinions of Plaintiff's treating doctors were inconsistent, ranging from agreeing with the IME by Dr. Brzusek to imposing restrictions more stringent than Plaintiff's own FCE. Prudential correctly afforded the conflicting opinions of Plaintiff's treating providers' less weight based on a lack of objective evidence demonstrating that Plaintiff's alleged functional impairments continued to prevent him from working full-time. There is no reason for the Court to disturb that result.

3.   Plaintiff was not entitled to ongoing benefits because his impairment was due in part to somatic symptom disorder.

Two independent physiatrists who examined Plaintiff and Plaintiff's own treating physiatrist agreed that, physically, Plaintiff should be able to increase from part-time to full-time work. Yet he never did. Based on the three IMEs it obtained, Prudential determined that Plaintiff's failure to return to work full-time was due to somatic symptom disorder. Dr. Brzusek believed that Plaintiff's subjective complaints were out of proportion to objective findings and that there were psychological factors affecting his perception of his pain. (AR 1199-1200.) Dr. Bryan's independent psychological exam of Plaintiff then confirmed that Plaintiff's focus on subjective pain warranted a diagnosis of somatic symptom disorder, meaning that Plaintiff's excessive focus upon monitoring his pain and physical status interfered with his ability to work.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 22

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

(AR 1321-23.) Dr. Chai agreed that Plaintiff's self-reported functionality limitations stemmed mainly from his somatic symptom disorder. (AR 2141-43.) Even the FCE report noted that Plaintiff's responses to standardized symptom questionnaires suggested "significant symptom focus." (AR 1941, 1943, 1954-56.) Plaintiff refuted none of this on appeal. (AR 1805-20, 2244-2322.) He submitted no evidence whatsoever contradicting Dr. Bryan's conclusions.

Prudential thus correctly determined that Plaintiff was not entitled to further LTD benefits based on the LTD Plan's 24-month mental illness limitation. The clear and unambiguous language of the LTD Plan provides that disabilities due to a sickness or injury which, "as determined by Prudential, are due in whole or part to mental illness" have a limited pay period of 24 months, and the LTD Plan's definition of "mental illness" includes "somatization." (AR 4326-27.) *See Ringwald v. Prudential Ins. Co. of Am.*, 754 F. Supp. 2d 1047, 1057-59 (E.D. Mo. 2010) (upholding application of identical 24-month mental illness limitation where plaintiff's disability was in part caused by depression and bipolar disorder). Here, Dr. Brzusek and Dr. Chai examined Plaintiff and agreed that his self-reported complaints were out of proportion to the objective evidence and that he should be able to return to work full-time. (AR 1199, 2142-43.) Dr. Bryan's psychological exam confirmed that Plaintiff's focus on his pain interfered with his ability to work. (AR 1321-23.) The evidence showing that Plaintiff's disability was due at very least in part to somatic symptom disorder is uncontroverted. Prudential has already paid more than 24 months of LTD benefits; Plaintiff is not entitled to further benefits.

4.     <u>Plaintiff was not receiving appropriate care for his somatic symptom disorder and thus was not disabled under the LTD Plan.</u>

To qualify for ongoing LTD benefits, Plaintiff had to be "under the regular care of a doctor." (AR 4316-17.) Dr. Bryan diagnosed Plaintiff with somatic symptom disorder, believed that cognitive behavioral strategies would likely help reduce Plaintiff's focus on pain and increase his tolerance of activity, and recommended that Plaintiff undergo mental health

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 23

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1    treatment, such as psychotherapy through a multi-disciplinary pain program. (AR 1323, 1328.)

2    Plaintiff, however, did not submit any evidence that he received "appropriate treatment and care"

3    for his mental health condition. For this additional reason, Plaintiff did not meet the definition of

4    disability under the LTD Plan.

5          **C.**    **If the Court Finds Plaintiff Remained Disabled Beyond April**

6                  **1, 2019, the Proper Remedy Is Remand for Determination of**

7                  **Whether He Continued To Be Eligible for Benefits Once He**

              **Stopped Working for Microsoft.**

8          Plaintiff's employment with Microsoft ended in July 2019, but it is not clear from the

9    record how much Plaintiff actually worked beyond April 15, 2019. (AR 1996-2013.) Even

10   accepting as true Plaintiff's arguments that he was unable to work full-time, the LTD Plan

11   provides that LTD benefits will terminate "after 24 months of payments, when you are able to

12   work in any gainful occupation on a part-time basis but you choose not to." (AR 4325.) There

13   was unanimous agreement among Plaintiff's treating providers (physical therapist, chiropractor,

14   and physiatrists), the FCE, and the IME physicians that Plaintiff had capacity to work at least

15   part-time. (AR 1693-95, 1729, 1777-78, 1941-42, 2140-42.) Given this undisputed fact, if the

16   Court determines that Plaintiff remained disabled from full-time work beyond April 1, 2019 and

17   that the 24-month mental illness limitation does not apply, the proper remedy would be to

18   remand the claim to Prudential to determine if Plaintiff remained eligible for LTD benefits under

19   the LTD Plan. *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938,

20   944 (9th Cir. 1995) ("additional evidence is necessary to conduct an adequate *de novo* review of

21   the benefit decision" and district court may remand to the LTD Plan administrator for an initial

22   factual determination); *Bunger v. Unum Life Ins. Co. of Am.*, 196 F. Supp. 3d 1175, 1186 (W.D.

23   Wash. 2016) (on *de novo* review, court can remand a disability claim to the LTD Plan

24   administrator if the record is not sufficiently developed).

25

26   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
    ON PLAINTIFF'S CLAIM FOR BENEFITS
    UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 24

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1   Prudential would need to evaluate Plaintiff's ongoing capacity as well as gather evidence

2   on Plaintiff's employment and conduct a vocational review to determine if there are gainful

3   occupations Plaintiff could continue to perform on a part-time basis. Plaintiff would have to

4   submit evidence proving that he has continued to work part-time. *See, e.g.*, *Richards v. Unum*

5   *Life Ins. Co. of Am.*, No. 1:09-CV-953, 2010 WL 4117364, at *8 (W.D. Mich. Oct. 19, 2010) (on

6   *de novo* review, upholding termination of LTD benefits where plaintiff's treating physicians,

7   Unum's medical consultants, and two FCEs confirmed that plaintiff was capable of at least

8   sedentary part-time work); *Richardson v. Triad Hosps., Inc. Grp. Long Term Disability Plan*,

9   No. CIV.A 409104TLW, 2010 WL 503103, at *19 (D.S.C. Feb. 8, 2010) (upholding decision to

10  terminate LTD benefits where plaintiff had part-time work capacity to perform sedentary work

11  but chose not to work in any gainful occupation on a part-time basis). On remand, Prudential will

12  be able to determine if Plaintiff remains eligible for benefits with the aid of updated medical and

13  vocational reviews. The Court should thus remand Plaintiff's claims for further review if it does

14  not find that Prudential correctly denied the claim. *See, e.g.*, *Mongeluzo*, 46 F.3d 938 at 940;

15  *Bunger*, 196 F. Supp. 3d at 1186.

## IV.   CONCLUSION

17  The Court should enter judgment for Prudential on Plaintiff's claim for benefits under

18  ERISA, 29 U.S.C. § 1132(a)(1)(B).

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 25

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

74524725v.7

1  DATED: September 10, 2021                SEYFARTH SHAW LLP

2                                           By: */s/ Lauren Parris Watts*
                                               Lauren Parris Watts, WSBA #44064
3                                              999 Third Avenue, Suite 4700
                                               Seattle, WA 98104-4041
4                                              P: (206) 946-4910
                                               F: (206) 299-9974
5                                              lpwatts@seyfarth.com

6                                              */s/Ian H. Morrison* (admitted *pro hac vice*)
                                               Ian H. Morrison
7                                              imorrison@seyfarth.com
                                               Shelley R. Hebert
8                                              shebert@seyfarth.com
                                               233 S. Wacker Dr., Suite 8000
9                                              Chicago, IL 60606-6448
                                               P: 312-460-5000
10                                             F: 312-460-7000

11                                          *Attorneys for Defendant The Prudential*
                                            *Insurance Company of America*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
    OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
    ON PLAINTIFF'S CLAIM FOR BENEFITS
    UNDER ERISA 29 U.S.C. § 1132(a)(1)(B) - 26

                                                    SEYFARTH SHAW LLP
                                                      Attorneys at Law
                                                     999 Third Avenue
                                                         Suite 4700
                                                  Seattle, WA 98104-4041
                                                      (206) 946-4910

74524725v.7

1

## **CERTIFICATE OF SERVICE**

2
   I hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S

3
RULE 52 MOTION FOR JUDGMENT ON PLAINTIFF'S CLAIM FOR BENEFITS UNDER ERISA 29 U.S.C.

4
§ 1132(a)(1)(B) to be served upon the following, by the Court's ECF system, on this 10th day of

5
September, 2021:

6
                    Jesse Cowell
                    Chris Roy

7
                    R. Darrin Class
                    ROY LAW GROUP

8
                    1000 SW Broadway, Suite 900
                    Portland, OR 97205

9
                    jesse@roylawgroup.com

10

11
                                        */s/ Lauren Parris Watts*
                                        Lauren Parris Watts

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
OR IN THE ALTERNATIVE RULE 52 MOTION FOR JUDGMENT,
ON PLAINTIFF'S CLAIM FOR BENEFITS
UNDER ERISA § 1132(a)(1)(B)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910