1
2

Hon. Marsha J. Pechman
Trial Date: December 20, 2021

3
4
5
6
7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8
9

ANDREW CHERRY,

Plaintiff,

10

v.

11

PRUDENTIAL INSURANCE COMPANY
OF AMERICA,

12
13

Defendant.

Case No. 2:21-cv-00027-MJP

**DEFENDANT'S RESPONSE IN
OPPOSITION TO PLAINTIFF'S FED.
R. CIV. P. 56 MOTION FOR
SUMMARY JUDGMENT (OR FED. R.
CIV. P. 52 MOTION FOR TRIAL ON
THE ADMINISTRATIVE RECORD, IN
THE ALTERNATIVE)**

NOTE ON MOTION CALENDAR:

October 8, 2021

14
15
16
17
18
19
20
21
22
23
24
25
26

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1

## **TABLE OF CONTENTS**

2    I.      INTRODUCTION .................................................................................................. 1

3    II.     ARGUMENT ........................................................................................................ 2

4            A.     The Court Should Review Prudential's Decision for an Abuse of
                    Discretion. ................................................................................................ 2
5
             B.     The Court Should Affirm Prudential's Decision To Terminate Benefits
6                   Because It Was Reasonable and Correct As A Matter Of Law. ............................ 4

7                   1.     The weight of the evidence supports Prudential's decision. ...................... 4

8                   2.     Contrary to Plaintiff's claims, Prudential considered the FCE
                           Plaintiff submitted. ........................................................................... 9
9
                    3.     The vocational evidence supports that Plaintiff could alternate
10                         sitting and standing to perform the occupation of software
                           engineer. ........................................................................................ 10
11
                    4.     There is no evidence in the record refuting the independent
12                         psychologist's finding that Plaintiff's physical impairment was due
                           in part to somatic symptom disorder. .................................................. 12
13
             C.     Were the Court to Rule in Plaintiff's Favor, At Most It Could Order a
14                  Remand Because His Continued Entitlement to Benefits Is Unclear. ................. 14

15   III.    CONCLUSION.................................................................................................... 15

16

17

18

19

20

21

22

23

24

25

26   DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
     (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
     RECORD, IN THE ALTERNATIVE)
     i

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Armani v. Nw. Mut. Life Ins. Co.,*
    840 F.3d 1159 (9th Cir. 2016) ..................................................................................11

*Biggar v. Prudential Ins. Co. of Am.,*
    274 F. Supp. 3d 954 (N.D. Cal. 2017), appeal dismissed, No. 17-16780, 2018
    WL 1176557 (9th Cir. Jan. 19, 2018) ........................................................................8

*Black & Decker Disability Plan v. Nord,*
    538 U.S. 822 (2003) ....................................................................................................5

*Bunger v. Unum Life Ins. Co. of Am.,*
    196 F. Supp. 3d 1175 (W.D. Wash. 2016) ...............................................................15

*Carder-Cowin v. Unum Life Ins. Co. of Am.,*
    560 F. Supp. 2d 1006 (W.D. Wash. 2008) .................................................................9

*Chapin v. Prudential Ins. Co. of Am.,*
    No. 2:19-CV-01256-RAJ, 2021 WL 1090749 (W.D. Wash. Mar. 22, 2021) ............3

*DeBenedictis v. Hartford Life & Acc. Ins. Co.,*
    701 F. Supp. 2d 1113 (D. Ariz. 2010) .......................................................................5

*DiPietro v. Prudential Ins. Co. of America,*
    No. 03 C 1018, 2004 WL 626818 (N.D. Ill. Mar. 26, 2004) ......................................5

*Fenwick v. Hartford Life & Accident Ins. Co.,*
    841 F. App'x 847 (6th Cir. 2021) .............................................................................11

*Gallupe v. Sedgwick Claims Mgmt. Servs. Inc.,*
    358 F. Supp. 3d 1183 (W.D. Wash. 2019) (Pechman, J.).........................................4

*Harlick v. Blue Shield of California,*
    686 F.3d 699 (9th Cir. 2012) ....................................................................................14

*Jordan v. Northrop Grumman Corp. Welfare Benefit Plan,*
    370 F.3d 869 (9th Cir. 2004), overruled in part on other grounds by *Abatie v.*
    *Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) .......................................9

*Landree v. Prudential Ins. Co. of Am.,*
    833 F. Supp. 2d 1266 (W.D. Wash. 2011).................................................................3

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)
ii

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

*Louis v. Hartford Life & Accident Ins. Co.*,
No. C19-56 MJP, 2020 WL 39145 (W.D. Wash. Jan. 3, 2020) (Pechman, J.),
appeal dismissed, No. 20-35082, 2020 WL 4464247 (9th Cir. June 11, 2020).........................7

*Mirick v. Prudential Ins. Co. of Am.*,
100 F. Supp. 3d 1094 (W.D. Wash. 2015)...............................................................................3

*Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*,
46 F.3d 938 (9th Cir. 1995) ...................................................................................................15

*Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625*,
856 F.3d 686 (9th Cir. 2017) ...................................................................................................3

*Perez v. Lincoln Nat'l Life Ins. Co.*,
843 F. App'x 57 (9th Cir. 2021) .............................................................................................11

*Richardson v. Triad Hosps., Inc. Grp. Long Term Disability Plan*,
No. CIV.A 409104TLW, 2010 WL 503103 (D.S.C. Feb. 8, 2010)........................................15

*Ringwald v. Prudential Ins. Co. of Am.*,
754 F. Supp. 2d 1047 (E.D. Mo. 2010)...................................................................................13

*Safavi v. SBC Disability Income Plan*,
493 F. Supp. 2d 1107 (C.D. Cal. 2007) ..................................................................................9

*Shaw v. Life Ins. Co. of N. Am.*,
144 F. Supp. 3d 1114 (C.D. Cal. 2015) ..................................................................................8

*Taylor v. Reliance Standard Life Ins. Co.*,
837 F. Supp. 2d 1194 (W.D. Wash. 2011)...............................................................................4

**Statutes**

29 U.S.C § 1144(b)(2) ...................................................................................................................3

ERISA .....................................................................................................................................2, 3

**Other Authorities**

WAC 284-50-321 ..........................................................................................................................3

WAC 284-96-012 ..........................................................................................................................3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

## I.      INTRODUCTION

Plaintiff stopped working because of back pain, but the record is clear that he has been physically capable of working at least part-time and, eventually, physically capable of increasing to full-time work. In his motion for summary judgment, Plaintiff cites the opinions of his treating providers and the Functional Capacity Examination ("FCE") report he submitted to Prudential to claim that he cannot work more than part-time, but their opinions regarding exactly how much he can work are at best inconsistent. These conflicting opinions are insufficient to discredit the thorough and unbiased reports of the independent medical examinations Prudential obtained from two physiatrists, both of whom found that Plaintiff had the capacity to ramp up his hours to full-time. Plaintiff makes baseless accusations that Prudential misrepresented his treating physiatrist Dr. Berry's opinion, but Dr. Berry himself wrote in February 2019 that Plaintiff could gradually return to full-time work by "increas[ing] his daily schedule 1 hour per week until he is back to 40 hours/week." On top of all of this, Plaintiff's own conduct -- by stopping work altogether for more than six months without any medical explanation, and by working fewer hours than his own FCE demonstrated he could -- undermines his credibility and suggests that he chose not to work to his full capacity.

Beyond serious questions as to the validity of Plaintiff's claims of physical incapacity, Plaintiff has never offered any evidence to challenge the determination by an independent psychologist who examined him and diagnosed him with somatic symptom disorder. That examination is unrebutted and establishes that any inability to work on Plaintiff's part is due in substantial part to a mental health condition. Plaintiff claims that Prudential's finding that his ongoing disability was due (if at all) to mental illness is a post hoc rationalization, but the record here shows that the psychological examination predated the termination of benefits by several months, and Plaintiff has never refuted it. What is more, the two independent examining physicians concurred that Plaintiff's psychological condition was causing him to have an

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)
1

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1   increased perception of his pain, a perception for which they found no physical basis. Under the

2   clear terms of the LTD Plan, Plaintiff's disability was thus due *in part* to mental illness, and he

3   was limited to 24 months of benefits. Prudential consistently relied on the 24-month mental

4   illness limitation in denying both of Plaintiff's appeals, and Plaintiff is not entitled to ongoing

5   benefits, as he claims, merely because Prudential paid him for an additional 2.5 months of

6   benefits while it confirmed his capacity for full-time work.

7        Prudential's decision was reasonable and correct. Yet should the Court rule in Plaintiff's

8   favor, it should at most remand to Prudential the question of Plaintiff's ongoing eligibility for

9   benefits under the LTD Plan, which provides that LTD benefits will terminate "after 24 months

10  of payments, when you are able to work in any gainful occupation on a part-time basis but you

11  choose not to." Given the undisputed fact that Plaintiff could work part-time, Prudential would

12  need to gather evidence regarding Plaintiff's work capacity and employment activity in order to

13  evaluate whether he remained eligible for benefits. Indeed, the evidence in the record to date

14  suggests that Plaintiff would be ineligible for further benefits because he is (according to his own

15  FCE) able to work at least 6 hours per day, yet he stopped his part-time job after Prudential

16  terminated benefits.

17       For the reasons discussed below and in Prudential's motion for summary judgment, the

18  Court should deny Plaintiff's motion for summary judgment, grant Prudential's motion for

19  summary judgment, and enter judgment for Prudential on Plaintiff's ERISA claim for benefits.

20  **II.    ARGUMENT**

21       **A.    The Court Should Review Prudential's Decision for an Abuse**
                 **of Discretion.**
22

23       Plaintiff concedes, as he must, that the Microsoft Corporation Welfare Plan and SPD

24  grant discretion to Prudential to interpret the LTD Plan, make factual findings, and determine

25  eligibility for LTD benefits. (*See, e.g.*, Dkt. 1 and 10 at ¶ 3.2; Dkt 29, p. 5). Yet he essentially

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
    (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
    RECORD, IN THE ALTERNATIVE)
    2

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

takes as a given that the Court will apply the *de novo* standard of review here given "well-settled" law that Washington law nullifies the grant of discretion in the Microsoft plan. (Dkt. 29, p. 6.) But the law is not well-settled. Neither of the cases from the Western District of Washington that Plaintiff cites applied Washington's ban to discretionary language in employer-drafted plan documents, as is the case here. *See Mirick v. Prudential Ins. Co. of Am.*, 100 F. Supp. 3d 1094, 1097 (W.D. Wash. 2015) (examining only the Prudential-drafted certificate of coverage, summary plan description, and administrative services agreement between Prudential and employer); *Chapin v. Prudential Ins. Co. of Am.*, No. 2:19-CV-01256-RAJ, 2021 WL 1090749, at *8 (W.D. Wash. Mar. 22, 2021) (applying *de novo* review "as agreed by the parties").[1] *See also Landree v. Prudential Ins. Co. of Am.*, 833 F. Supp. 2d 1266, 1274 (W.D. Wash. 2011) (discretionary language only in Prudential-issued certificate of coverage).

Further, the Ninth Circuit has never examined Washington's ban on discretionary clauses -- only California's. *See Orzechowski v. Boeing Co. Non-Union Long-Term Disability Plan, Plan No. 625*, 856 F.3d 686, 695 (9th Cir. 2017). Although the Ninth Circuit ruled that California's ban on discretionary clauses is not preempted by ERISA and applies to non-insurance policy plan documents, *see id.* at 695, the language in California's ban is broader than Washington's. California's ban references "a policy, contract, certificate, or agreement," language on which the Ninth Circuit heavily relied. *See* CA Ins. Section 10110.6. Washington's ban, on the other hand, references only a "disability insurance policy." WAC 284-50-321. The Microsoft-drafted plan documents, which contain strong discretionary language (as Plaintiff acknowledges), are not a disability insurance policy. 29 U.S.C § 1144(b)(2) (stating that an employee benefit plan shall not be deemed to be "an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of

---

[1] In *Chapin*, Prudential noted that it was "unsettled" whether the exception to ERISA preemption for "any law of any State which regulates insurance" extends to administrative regulations such as the State Insurance Commissioner's regulation WAC 284-96-012.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
3

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies"). (AR 4370-71, 4384, 4388, 4742-43, 5106-07, 5470-71, 5840-41, 6274-75.) The Washington ban on discretionary clauses thus does not apply to the operative plan documents and does not nullify Microsoft's grant of discretion. For these reasons, the Court should apply the abuse of discretion standard of review. *Gallupe v. Sedgwick Claims Mgmt. Servs. Inc.*, 358 F. Supp. 3d 1183, 1189-90 (W.D. Wash. 2019) (Pechman, J.) (applying abuse of discretion standard where plan granted Sedgwick discretionary authority).

### B.   The Court Should Affirm Prudential's Decision To Terminate Benefits Because It Was Reasonable and Correct As A Matter Of Law.

Plaintiff does not meet his burden to establish by a preponderance of the evidence that he is entitled to additional benefits under either the abuse of discretion or *de novo* standard of review. To prevail, Plaintiff must prove that he is still unable to perform the material and substantial duties of any gainful occupation due to his back pain and refute the evidence that his disability was due "in whole or in part" to his somatic symptom disorder. When stripped of its hyperbole, colloquial phrases, and inappropriate references to the Holocaust, Plaintiff's motion contains little substance. The objective evidence demonstrates conclusively that, when Prudential terminated his LTD benefits, Plaintiff had the physical capacity to increase to full-time work and that his perception that he could not work full-time was due to somatization, meaning that if he was still disabled, he had already exhausted the available benefits.

#### 1.   The weight of the evidence supports Prudential's decision.

Plaintiff urges the Court to give more weight to the opinions of his treating physicians and an FCE report that he obtained through a referral from his attorney to support his appeal than to the three independent physicians who reviewed his claim and personally examined him. Yet Prudential was "not required to automatically 'accord special weight to the opinions of a claimant's physician.'" *Taylor v. Reliance Standard Life Ins. Co.*, 837 F. Supp. 2d 1194, 1206

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
4

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1  (W.D. Wash. 2011) (quoting *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 834

2  (2003)). And there is no reason to discount the well-reasoned results from the three thorough

3  independent medical examinations ("IMEs") Prudential obtained. *See, e.g.*, *DeBenedictis v.*

4  *Hartford Life & Acc. Ins. Co.*, 701 F. Supp. 2d 1113, 1133 (D. Ariz. 2010) ("thorough and

5  unbiased" IME supported that claimant's back pain did not prevent him from working); *DiPietro*

6  *v. Prudential Ins. Co. of America*, No. 03 C 1018, 2004 WL 626818, *6 (N.D. Ill. Mar. 26, 2004)

7  (IME by insurer "is evidence of a thorough investigation into the claim").

8      Nothing in the record shows any bias on the part of the three IME physicians. After

9  examining Plaintiff in-person, Drs. Brzusek and Chai, both board-certified in physical medicine

10  and rehabilitation, agreed that, while Plaintiff had certain restrictions and limitations, he was

11  both able to work part-time and to increase his hours to full-time over a short period of time. (AR

12  1189-1206, 1693-95, 2140-42.) Plaintiff argues that Dr. Brzusek's conclusion was "pure

13  speculation" (Dkt. 29 at 12, 15), but he conveniently ignores the fact that Dr. Brzusek's finding

14  that Plaintiff's perception of his pain impacted his self-reported functionality was confirmed by

15  an in-person psychological exam by Dr. Bryan (board-certified in clinical neuropsychology),

16  which returned valid results and diagnosed Plaintiff with somatic symptom disorder. (AR 1321-

17  24.) Plaintiff submitted no evidence to refute Dr. Bryan's conclusions. Regarding Dr. Chai,

18  Plaintiff notes he was a "paid consultant" (Dkt. 29 at 10, 23), but this alone is not enough to

19  establish any bias on his part. Indeed, the opposite is true -- the fact that Prudential obtained

20  three IMEs "is evidence of a thorough investigation into the claim." *DiPietro*, 2004 WL 626818,

21  at *6. The record therefore demonstrates that, to the extent Plaintiff did not return to work as the

22  independent examining doctors agreed he should be able to, it could only be due to his mental

23  health condition.

24      Plaintiff relies heavily on the opinions of his treating providers, all of whom endorsed

25  Plaintiff's own reports of limited functionality. But Plaintiff's own conduct damages his

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)
5

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1    credibility. After working part-time from September 2016 until December 2017, Plaintiff

2    stopped working completely, without any medical explanation or support and without notice to

3    Prudential. (AR 1005, 1008, 1049, 1067, 1071, 1107-1109, 1111.) Somehow, however, he was

4    able to return to work part-time at Microsoft within a matter of weeks after learning that he

5    might lose his LTD benefits if he did not, because Dr. Brzusek's IME concluded he could work

6    at least part-time. (AR 1199, 1219-22, 1224, 1226, 1228-31.) This behavior shows that he *chose*

7    not to work at all when he actually still had part-time capacity.

8           Further, Plaintiff criticizes Prudential for supposedly ignoring the FCE he submitted (it

9    did not; it had the FCE reviewed by an external medical expert (AR 2135), but it is clear that he

10   is the one trying to avoid what the FCE concluded. The FCE found unequivocally that Plaintiff

11   could work "6 Hours per day, 20-30 Total Hours per week" (AR 1941-42). Yet Plaintiff elected

12   without explanation to limit his work to half that -- only three hours per day. Plaintiff also notes

13   that the FCE concluded that he would be unable to "sustain gainful vocational activity on a

14   reasonable-consistent basis" (Dkt. 29 at 10, 14) (AR 1941), but he omits a key fact. The FCE

15   reports states that his inability to sustain capacity for work was due in part to "[s]ignificant

16   symptom focus as demonstrated on standardized symptom questionnaires and by behaviors

17   during the evaluation." (*Id.*) The FCE findings thus corroborate Prudential's conclusions.

18          Plaintiff claims that his former physiatrist Dr. Berry never agreed with Dr. Brzusek,

19   calling Prudential's reliance on Dr. Berry's concurrence "a complete sham." (Dkt. 29 at 9.) But

20   Dr. Berry's own contemporaneous letter in the record refutes this hyperbole. In January 2019,

21   after reviewing updated medical records, Dr. Brzusek concluded that, while Plaintiff still had

22   certain limitations, he had the physical capacity to return to work full-time over a five-week

23   period by gradually increasing his hours. (AR 1693-95.) Dr. Brzusek spoke with Dr. Berry as

24   part of his review, and wrote a letter summarizing their conversation as follows: "Please note that

25   I spoke with Kevin Berry, M.D., physiatrist, today, who has also seen the patient. He has no

26   DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
     (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
     RECORD, IN THE ALTERNATIVE)
     6

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

objection to the patient returning to work full-time." (AR 1709.) While Dr. Berry signed this letter indicating he "disagreed" with Dr. Brzusek's summary of their conversation, what Dr. Berry wrote in fact reveals that there was substantial agreement, not disagreement: "We discussed a gradual RTW program. He would increase his daily schedule 1 hour per week until he is back to 40 hours/week." (AR 1729.) A year later, evidently prompted by Plaintiff's LTD appeal, Dr. Berry wrote a letter even though he was no longer treating Plaintiff, stating that he never agreed that Plaintiff should be able to return to work by a certain date. (AR 2474.) Plaintiff quotes Dr. Berry's statements in this letter about his capacity, but there is no evidence that Dr. Berry had examined the Plaintiff since October 2018 (AR 1421), and Plaintiff acknowledges that he stopped treating with Dr. Berry "several months prior to the [d]enial [of benefits]" (AR 1806), making these advocacy statements conjecture at best. In any event, the post-hoc explanation submitted at Plaintiff's request in support of his appeal does not change the fact that, while he was still Plaintiff's treating physiatrist, Dr. Berry agreed that Plaintiff had the capacity to gradually increase his hours and return to work full-time. There is simply no evidence that Dr. Brzusek or Prudential "tried to misrepresent Dr. Berry" or "distort Dr. Berry's position," as Plaintiff claims. (Dkt. 29 at 21.) Dr. Berry never retracted what he wrote in his February 2019 response, which plainly supported that Plaintiff had capacity to increase to full-time work. (AR 1729, 2474.)

In contrast to the IMEs, there *are* reasons to question the opinion of Plaintiff's new physiatrist, Dr. Singh, who provided a capacity questionnaire with Plaintiff's second appeal. (AR 2475-81.) Dr. Singh's restrictions and limitations appear to be heavily influenced by advocacy to support Plaintiff's pending appeal. They are at odds with the rest of the evidence. *See Louis v. Hartford Life & Accident Ins. Co.*, No. C19-56 MJP, 2020 WL 39145, at *8 (W.D. Wash. Jan. 3, 2020) (Pechman, J.), appeal dismissed, No. 20-35082, 2020 WL 4464247 (9th Cir. June 11, 2020) ("Subjective or conclusory opinions regarding a claimant's work functionality will not

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
7

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1   suffice to carry Plaintiff's burden of proof."; plan administrators are permitted to seek

2   information on how an impairment actually limits a claimant's functional capacity through

3   objective evidence). Most notably, Dr. Singh's restrictions were more stringent than Plaintiff's

4   own FCE, yet this new doctor offered no explanation for disagreeing with the FCE report. For

5   example, Dr. Singh stated Plaintiff could only sit up to 10 minutes at a time and stand 10-15

6   minutes at a time, while the FCE found that Plaintiff could sit up to 30 minutes at a time and

7   stand for 20 minutes at a time. No other expert found that Plaintiff required limitations as strict

8   as Dr. Singh's. (AR 1942, 2478.) *See Biggar v. Prudential Ins. Co. of Am.*, 274 F. Supp. 3d 954,

9   968–69 (N.D. Cal. 2017), appeal dismissed, No. 17-16780, 2018 WL 1176557 (9th Cir. Jan. 19,

10  2018) ("It is not improper to discount even a treating physician's diagnosis where it does not

11  have supportive objective evidence, is contradicted by other statements and assessments of the

12  claimant's medical condition, and is based on the claimant's subjective descriptions of pain.").

13  Moreover, Dr. Singh did not start treating Plaintiff until November 6, 2019, seven months after

14  Prudential terminated benefits, and he did not complete the capacity questionnaire until July 23,

15  2020, so his opinion is not relevant to Plaintiff's capacity as of April 1, 2019, when benefits were

16  terminated. (AR 2475, 2481.)

17        The Court should not rely on Plaintiff's and his wife's declarations to find that Plaintiff is

18  entitled to LTD benefits because they "present a significant potential for bias." *Shaw v. Life Ins.*

19  *Co. of N. Am.*, 144 F. Supp. 3d 1114, 1136 (C.D. Cal. 2015) (affirming denial of LTD benefits;

20  "reports from individuals with no medical background cannot overcome medical evidence and

21  should receive even less weight"). The narratives written by Plaintiff and Plaintiff's wife "do not

22  compensate for the fact that there is insufficient medical evidence of functional disability in the

23  record." *Id.* (observing that while friends and family can observe claimant's lifestyle and mood at

24  home, "they cannot diagnose her medical condition or assess her functional capacity in the way

25  individuals trained in the medical field can."). Moreover, in his declaration, Plaintiff criticizes

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
    (OR FED. R. CIV. P. 52 MOTION FOR TRIAL ON THE ADMINISTRATIVE
    RECORD, IN THE ALTERNATIVE)
    8

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1   Dr. Chai's IME (including Dr. Chai's conducting a seated leg raise but not a slump test). Plaintiff

2   is not a medical expert and is certainly not qualified to discredit the objective medical findings of

3   Dr. Chai, and the Court should not consider his unfounded criticisms, which are not backed up

4   by any appropriate medical opinion. (AR 2413-22.)

5        Finally, the mere fact that Plaintiff has been diagnosed with lumbar radiculopathy does

6   not mean this condition is disabling. *See Jordan v. Northrop Grumman Corp. Welfare Benefit*

7   *Plan*, 370 F.3d 869, 880 (9th Cir. 2004) ("That a person has a true medical diagnosis does not by

8   itself establish disability."), overruled in part on other grounds by *Abatie v. Alta Health & Life*

9   *Ins. Co.*, 458 F.3d 955, 969 (9th Cir. 2006); *Carder-Cowin v. Unum Life Ins. Co. of Am.*, 560 F.

10  Supp. 2d 1006, 1019–20 (W.D. Wash. 2008) (affirming decision to deny LTD benefits;

11  "fibromyalgia diagnosis in the IME alone is not dispositive because the examining physician

12  concluded that despite this diagnosis plaintiff is not totally disabled"); *Safavi v. SBC Disability*

13  *Income Plan*, 493 F. Supp. 2d 1107, 1121 (C.D. Cal. 2007) (consulting physicians did not

14  conclude that claimant did not have endometriosis, fibromyalgia, or psychological issues, but

15  concluded that her condition "did not rise to such severity that it would render her totally

16  disabled.")

17            2.    <u>Contrary to Plaintiff's claims, Prudential considered the</u>
                    <u>FCE Plaintiff submitted.</u>
18

19       Plaintiff tries to sow doubt as to whether Prudential reviewed the FCE he submitted with

20  his appeal, yet the evidence in the record demonstrates that Prudential considered all of

21  Plaintiff's submissions, including the FCE. Plaintiff submitted the FCE with his first appeal.[2]

22  _____

23  [2] Plaintiff implies that Prudential delayed its review of his first appeal, stating that "[a]lthough Prudential had received the FCE report on November 19, 2019 … no decision by Prudential had been reached by the end of the year." (Dkt. 29 at 10.) Plaintiff omits that Prudential started the process for arranging for an IME on October 30,

24  2019, only two weeks after the submission of his appeal and before it even received the FCE. (AR 1805-20, 1896-1917, 1928.) By November 7, 2019, Prudential had scheduled an IME with Dr. Dennis Chong on December 5, 2019.

25  (AR 1896-1917, 1928.) Plaintiff rejected Dr. Chong because his office was too far away (in Tacoma), and the IME was delayed (AR 1927) to allow time to find a different examiner. (AR 1931.) The IME with Dr. Chai (in Seattle)

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
    (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
    RECORD, IN THE ALTERNATIVE)
    9

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

(AR 1938-58.) Prudential sent the FCE, along with all of the other information in Plaintiff's claim file, to Dr. Chai for his review as part of his IME. (AR 1896-99, 1903, 1916, 1959, 2113-35.) Even though, as Plaintiff points out, Dr. Chai was not asked a specific question about the FCE, that likely was because Prudential's letter to third-party vendor ECN requesting that ECN arrange for the IME and listing questions for the independent physician to answer was prepared on November 5, 2019, two weeks *before* Prudential received the FCE. (AR 1896-98, 1938-58.) Nevertheless, the record clearly shows that Dr. Chai reviewed and considered the FCE, and Plaintiff is wrong to suggest that it is not clear from Dr. Chai's report whether his use of the term "PCE" meant Plaintiff's FCE.[3] (Dkt. 29 at 10, n. 4.) Dr. Chai clearly distinguished Dr. Brzusek's IME from the "PCE" and referred to Dr. Brzusek's IME report and the FCE separately in his review of the records. (AR 2129-30, 2135, 2141.) It is clear that Dr. Chai reviewed the FCE; in fact, he agreed with and adopted certain of the restrictions and limitations reported in the FCE report (as noted in Prudential's appeal decision letters), though Dr. Chai believed these restrictions and limitations were temporary and that Plaintiff had capacity to increase to full-time work. (AR 2141-42, 2157-58, 4227.) There is no merit to Plaintiff's claim that Prudential failed to consider the FCE.

### 3. The vocational evidence supports that Plaintiff could alternate sitting and standing to perform the occupation of software engineer.

Prudential's vocational review concluded that if Plaintiff could "alternate sitting and standing throughout the workday, he could perform the regular occupation utilizing a sit /stand workstation that is routinely provided by the employer." (AR 1716.) The two independent physiatrists who examined Plaintiff agreed that Plaintiff could already sit up to 4 hours per day

---

ultimately took place on December 14, 2019, but Prudential did not receive Dr. Chai's report until January 9, 2020. (AR 2112-13.)

[3] "PCE" likely was short-hand for "physical capacity evaluation," which is another way of referring to a functional capacity evaluation.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
10

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1  and should be able to gradually increase his hours to working full-time. (AR 1695, 2141.) While

2  Plaintiff's chiropractor Dr. Chan opined that Plaintiff was limited to working part-time, his

3  actual restrictions and limitations would allow for a full 8-hour day of alternating between sitting

4  and standing. (AR 1825-26) (opining that Plaintiff could sit up to 4 hours per day and walk or

5  stand 15-30 minutes at a time for up to 4 hours per day).

6      Plaintiff urges the Court to apply the holding from *Armani v. Nw. Mut. Life Ins. Co.*, 840

7  F.3d 1159 (9th Cir. 2016), as a *per se* rule. *Id.* at 1163 ("an employee who cannot sit for more

8  than four hours in an eight-hour workday cannot perform 'sedentary' work that requires 'sitting

9  most of the time.'"). But *Armani* did not address how the availability of a sit-stand workstation

10 (now ubiquitous in many workplaces) could change the calculus. *Id.* More recent cases have

11 acknowledged that certain jobs classified as "sedentary" may be performed with only four hours

12 of sitting. *See Perez v. Lincoln Nat'l Life Ins. Co.*, 843 F. App'x 57, 59 (9th Cir. 2021) (affirming

13 denial of LTD benefits, rejecting argument that plaintiff could not perform her payroll specialist

14 job if she could not sit for more than 4 hours/day, where job could be performed by alternating

15 sitting and standing, despite holding in *Armani*); *Fenwick v. Hartford Life & Accident Ins. Co.*,

16 841 F. App'x 847, 859 (6th Cir. 2021) (affirming decision to terminate LTD benefits where

17 evidence supported plaintiff had capacity to sit for up to 4 hours per day and thus could work in a

18 sedentary job if he could alternate between sitting and standing/walking and had the opportunity

19 to change body positions/postures as needed for comfort).

20     *Armani* does not dictate the outcome here. The evidence in the record shows that

21 Plaintiff's job as a software engineer could be performed using a sit-stand workstation (AR

22 1716), and that Plaintiff could sit at least up to 4 hours per day (though likely more) and stand for

23 the remaining 4 hours. *See* AR 1825-26 (Plaintiff's chiropractor Dr. Chan opining that Plaintiff

24 could sit up to 4 hours per day and walk or stand 15-30 minutes at a time for up to 4 hours per

25 day); AR 1695 (Dr. Brzusek's January 2019 IME addendum stating that, even before increasing

26 DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)
11

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1    to full-time work, Plaintiff had capacity to sit up to 1 hour at a time for a total of 4 hours per day

2    and stand up to 30 minutes at a time for up to 4 hours per day). Under these circumstances,

3    Plaintiff had capacity to work in his sedentary occupation.

4              4.       There is no evidence in the record refuting the independent
                       psychologist's finding that Plaintiff's physical impairment
5                      was due in part to somatic symptom disorder.

6         Plaintiff offers no record evidence to challenge Prudential's determination that his

7    impairment was due in part to his somatic symptom disorder. The reason for this is simple --

8    there is no contrary evidence. After examining Plaintiff in April 2018, Dr. Brzusek believed that

9    Plaintiff's subjective complaints were out of proportion to objective findings and that there were

10   psychological factors affecting his perception of his pain. (AR 1199-1200.) Based on Dr.

11   Brzusek's findings, in August 2018, Prudential requested that Plaintiff undergo an independent

12   psychological evaluation with board-certified neuropsychologist, Dr. James Bryan. (AR 1312-

13   1329.) Dr. Bryan's testing included performance validity measures, which are used to gauge the

14   effort Plaintiff is putting forth on the exam. These measures are used to uncover malingering.

15   (AR 1321.) Dr. Bryan concluded, based on his validated testing, that Plaintiff's excessive focus

16   on subjective pain warranted a diagnosis of somatic symptom disorder ("SSD"), meaning that

17   Plaintiff's excessive focus upon monitoring his pain and physical status interfered with his

18   ability to work. (AR 1321-23.) In September 2018, Prudential psychiatrist Dr. Kevin Hayes

19   reviewed Dr. Bryan's IME report and found that it supported psychiatric impairment and that

20   Plaintiff's "psychiatric condition appears to have been present since the date of disability." (AR

21   1361.) Consistent with Dr. Bryan's analysis, the November 2019 FCE report stated that

22   Plaintiff's responses to standardized symptom questionnaires suggested "significant symptom

23   focus." (AR 1941, 1943, 1954-56.) After examining Plaintiff in December 2019 and reviewing

24   Dr. Bryan's report, Dr. Chai agreed that Plaintiff's self-reported functionality limitations

25   stemmed mainly from his somatic symptom disorder. (AR 2141-43.)

26   DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
     (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
     RECORD, IN THE ALTERNATIVE)
     12

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

1       The unrefuted evidence in the record shows that Plaintiff's failure to increase his hours

2   from part-time to full-time was due at least in part to his mental health condition. Plaintiff

3   contested none of this on either appeal; he submitted no evidence contradicting Dr. Bryan's

4   conclusions. (AR 1805-20, 2244-2322.) Under the LTD Plan, disabilities due to a sickness or

5   injury which, "as determined by Prudential, are due in whole or part to mental illness" have a

6   limited pay period of 24 months, and the LTD Plan's definition of "mental illness" includes

7   "somatization." (AR 4326-27.) As such, Plaintiff was limited to 24 months of benefits. *See*

8   *Ringwald v. Prudential Ins. Co. of Am.*, 754 F. Supp. 2d 1047, 1057-59 (E.D. Mo. 2010)

9   (upholding application of identical 24-month mental illness limitation where plaintiff's disability

10  was in part caused by depression and bipolar disorder).

11      Even though Prudential paid Plaintiff an additional 2.5 months of benefits when it

12  approved his claim under the "any gainful occupation" definition of disability, Plaintiff's claim is

13  still barred by the 24-month mental illness limitation in the LTD Plan. Prudential made clear

14  throughout the administrative process that LTD benefits could be so limited. In July 2018,

15  Prudential explained to Plaintiff that his claim was subject to a 24-month mental illness

16  limitation. (AR 1234-37.) The next month, Prudential arranged to have Plaintiff attend the

17  independent psychological examination with Dr. Bryan. (AR 1259-63, 1283, 1293, 1312-29.) On

18  February 1, 2019, Prudential informed Plaintiff that he had exhausted benefits related to mental

19  illness on January 13, 2019. (AR 1720.) Prudential extended LTD benefits for a few more

20  months to assess Plaintiff's physical capacity and, after Dr. Brzusek and Dr. Berry agreed that

21  Plaintiff should be able to increase from part-time to full-time work, to allow Plaintiff time to

22  ramp up his hours. (AR 1408, 1413, 1424, 1426, 1586, 1588, 1600-02, 1659, 1673-75, 1686-88,

23  1718-24, 1741-43, 1751.)

24

25

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
(OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)
13

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1  Prudential consistently relied on the mental illness limitation in the LTD Plan in denying

2  both of Plaintiff's appeals. (AR 2159, 4211.) Plaintiff was well aware of Dr. Bryan's IME report[4]

3  and could have submitted evidence to refute it when he submitted his second appeal, but he did

4  not. (AR 2177-79, 2195-98, 2245-46.) Plaintiff does not -- and indeed he cannot -- claim that

5  Prudential has waived the right to rely on the LTD Plan's 24-month mental illness limitation. *See*

6  *Harlick v. Blue Shield of California*, 686 F.3d 699, 719 (9th Cir. 2012) ("A plan administrator

7  may not fail to give a reason for a benefits denial during the administrative process and then raise

8  that reason for the first time when the denial is challenged in federal court...."). Rather, Plaintiff

9  argues that because Prudential approved Plaintiff for benefits based on his physical condition

10  alone, Plaintiff is somehow entitled to ongoing LTD benefits. But this accommodation of

11  allowing benefits to continue while Prudential further investigated Plaintiff's capacity and

12  allowed him to ramp up to full-time work as the doctors had found he could does nothing to

13  change the fact that any residual inability to work was due in substantial part to mental illness.

14  Plaintiff did not to meet his burden of proving he was entitled to further LTD benefits.

15  ### C.  Were the Court to Rule in Plaintiff's Favor, At Most It Could
16  ### Order a Remand Because His Continued Entitlement to Benefits Is Unclear.

17  The Court should affirm Prudential's decision and reject Plaintiff's claim for additional

18  benefits. Yet should the Court rule in Plaintiff's favor, it should remand the matter to Prudential

19  to determine if Plaintiff is still entitled to benefits. The LTD Plan provides that LTD benefits will

20  terminate "after 24 months of payments, when you are able to work in any gainful occupation on

21  a part-time basis but you choose not to." (AR 4325.) There was unanimous agreement among

22  Plaintiff's treating providers (physical therapist, chiropractor, and physiatrists), the FCE, and the

23  IME physicians that Plaintiff had capacity to work at least part-time. (AR 1693-95, 1729, 1777-

24

25  [4] Plaintiff's counsel requested a copy of Plaintiff's claim file and all plan documents on January 20, 2020, and Prudential provided counsel with a copy of the complete claim file on January 22, 2020. (AR 2177-79, 2195-98.)

26  DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
14

Seyfarth Shaw LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

78, 1941-42, 2140-42.) Plaintiff's employment with Microsoft ended in July 2019, but it is not clear from the record how much Plaintiff actually worked beyond April 15, 2019. (AR 1996-2013.) Thus the proper remedy would be to remand the claim to Prudential to determine if Plaintiff remained eligible for LTD benefits under the LTD Plan beyond April 1, 2019. *See Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 944 (9th Cir. 1995) ("additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision" and district court may remand to the LTD Plan administrator for an initial factual determination); *Bunger v. Unum Life Ins. Co. of Am.*, 196 F. Supp. 3d 1175, 1186 (W.D. Wash. 2016) (on *de novo* review, court can remand a disability claim to the LTD Plan administrator if the record is not sufficiently developed). *See also Richardson v. Triad Hosps., Inc. Grp. Long Term Disability Plan*, No. CIV.A 409104TLW, 2010 WL 503103, at *19 (D.S.C. Feb. 8, 2010) (upholding decision to terminate LTD benefits where plaintiff had part-time work capacity to perform sedentary work but chose not to work in any gainful occupation on a part-time basis).

## III.    CONCLUSION

For the reasons set forth above, the Court should deny Plaintiff's motion for summary judgment, grant Prudential's motion for summary judgment, and enter judgment for Prudential on Plaintiff's claim for benefits.

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE)
15

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6

1    DATED: October 4, 2021                    SEYFARTH SHAW LLP

2                                              By: */s/ Lauren Parris Watts*
                                               _____
3                                              Lauren Parris Watts, WSBA #44064
                                               999 Third Avenue, Suite 4700
                                               Seattle, WA 98104-4041
4                                              P: (206) 946-4910
                                               F: (206) 299-9974
5                                              lpwatts@seyfarth.com

6                                              */s/Ian H. Morrison* (admitted *pro hac vice*)
                                               Ian H. Morrison
7                                              imorrison@seyfarth.com
                                               Shelley R. Hebert
8                                              shebert@seyfarth.com
                                               233 S. Wacker Dr., Suite 8000
9                                              Chicago, IL 60606-6448
                                               P: 312-460-5000
10                                             F: 312-460-7000

11                                             *Attorneys for Defendant The Prudential*
                                               *Insurance Company of America*
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT
     (OR FED. R. CIV. P. 52  MOTION FOR TRIAL ON THE ADMINISTRATIVE
     RECORD, IN THE ALTERNATIVE)
     16                                                    SEYFARTH SHAW LLP
                                                             Attorneys at Law
                                                            999 Third Avenue
                                                                Suite 4700
                                                          Seattle, WA 98104-4041
     75062230v.6                                              (206) 946-4910

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56 MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52 MOTION FOR TRIAL ON THE ADMINISTRATIVE RECORD, IN THE ALTERNATIVE) to be served upon the following, by the Court's ECF system, on this 4th day of October, 2021:

Jesse Cowell
Chris Roy
R. Darrin Class
ROY LAW GROUP
1000 SW Broadway, Suite 900
Portland, OR 97205
jesse@roylawgroup.com


/s/ Lauren Parris Watts
Lauren Parris Watts

DEFENDANT'S RESPONSE TO PLAINTIFF'S FED. R. CIV. P. 56
MOTION FOR SUMMARY JUDGMENT (OR FED. R. CIV. P. 52
MOTION FOR TRIAL ON THE ADMINISTRATIVE
RECORD, IN THE ALTERNATIVE)

SEYFARTH SHAW LLP
Attorneys at Law
999 Third Avenue
Suite 4700
Seattle, WA 98104-4041
(206) 946-4910

75062230v.6