UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW CHERRY, | CASE NO. C21-27 MJP |
| Plaintiff, | ORDER ON DEFENDANT'S STATEMENT OF COSTS FOR ATTORNEY'S FEES |
| v. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter is before the Court on Defendant's statement of costs, (Dkt. No. 39), filed pursuant to the Court's Order granting Defendant's motion to compel and awarding costs for attorney's fees, (Dkt. No. 37). Having considered the statement of costs, the supporting declaration, (Dkt. No. 40), and Plaintiff's objections, (Dkt. No. 41), the Court ORDERS Plaintiff to pay $8,716.50 to Defendant in costs for attorney's fees within 30 days of this Order.

## Background

Andrew Cherry is suing The Prudential Insurance Company of America for wrongful denial of disability benefits and breach of fiduciary duty under the Employee Retirement Income

Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA"). (Dkt. No. 1.) The Court granted Plaintiff's motion for discovery on his claim for breach of fiduciary duty and ordered reciprocal discovery of up to two depositions, ten interrogatories, and ten requests for admission. (Dkt. No. 21.) The discovery deadline was September 27, 2021 and trial is set for December 20, 2021. At the deadline for discovery motions, the Parties filed a joint submission regarding Plaintiff's discovery responses under Local Civil Rule 37. (Dkt. No. 34.) Defendant argued that Plaintiff's responses to its interrogatories were deficient and asked for an order compelling Plaintiff to provide complete responses. After a hearing on October 22, the Court granted Defendant's motion, ordered Plaintiff to pay costs, and directed Defendant to file a statement of costs and Plaintiff to file objections. (Dkt. No. 37.)

Defendant seeks $8,716.50 in attorney's fees for costs associated with drafting and filing the motion to compel and the hearing. (Dkt. No. 40, Declaration of Ian H. Morrison ¶ 4.) These costs are made up of a total of 24.1 hours of work by three attorneys: 3.5 hours at an hourly rate of $765, 14.6 hours at an hourly rate of $315, and 6 hours at an hourly rate of $240. (Id., Ex. 1.) Plaintiff argues that the fees are duplicative and unnecessary and that a reasonable award would be $3,638.50. (Dkt. No. 41 at 1.) He also argues his nondisclosures were justified and that other circumstances make an award of costs unfair.

## Discussion

If a court grants a party's motion to compel discovery, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5). However, "the court must not order this payment if: (i) the movant filed the motion before attempting in

good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." Plaintiff mistakenly briefs the standard for awarding attorney fees under ERISA. (See Dkt. No. 41 at 5–6.) This award of costs is governed by the Federal Rules of Civil Procedure. The Court awards reasonable costs to the party who prevails in a motion to compel if none of the limitations under Rule 37(a)(5) apply.

A.     **Whether Defendant's Costs Are Reasonable**

As an initial matter, the Court finds Defendant's costs to be reasonable. On its face, 24.1 hours of work, at an average hourly rate of $361.68, is not an unreasonable amount of time or billable rate for a motion to compel under the circumstances here. See, e.g., Infanzon v. Allstate Ins. Co., 335 F.R.D. 305, 314 (C.D. Cal. 2020) ($10,150 for 22.4 hours spent preparing motion to compel). The joint submission contains thirty substantive pages, approximately half of which was drafted by Defendant's attorneys. (See Dkt. No. 34.) Briefing required review of the record, including Plaintiff's responses, supplemental responses, and deposition, (see Dkt. No. 35, Declaration of Shelley R. Hebert); legal research, analysis, and writing; and preparation for the hearing. The administrative record in this case is 6,300 pages. (See Dkt. No. 27.)

Plaintiff argues the costs are not reasonable because of duplicate or excessive billing. (Dkt. No. 41 at 2–5.) Plaintiff points to several entries by two attorneys for preliminary drafting and other work to prepare the motion to compel, totaling 6.9 hours, which he argues are duplicative. (Id. at 2–3.) Those by Lea Weems were on September 21–22, totaling 4.6 hours. (Morrison Decl. at 3.) Shelley Hebert then billed 2.3 hours on September 24 for drafting. (Id. at 2.) The fact that multiple attorneys were involved does not necessarily indicate duplicative billing. See Kim v. Fujikawa, 871 F.2d 1427, 1435 n.9 (9th Cir. 1989). And some degree of

duplication is inherent to the work of attorney teams.  See Moreno v. City of Sacramento, 543 F.3d 1106, 1112 (9th Cir. 2008).  In any case, these entries do not appear to be duplicative.  Rather, they simply indicate the staged work typical of attorney teams, in which the least senior attorney took on preliminary work and then passed on the project to a more-senior attorney.

Plaintiff also argues that several entries are unjustified.  For example, he asks the Court to disallow fees for any work on the motion to compel before he had provided his supplemental response. (Dkt. No. 41 at 3.)  This is a bold contention.  Defendant's attorneys were well within their rights to begin drafting a motion to compel when they did.  Plaintiff's "supplemental" responses are more accurately described as unjustifiably late responses.  Defendant served interrogatories on August 9. (Hebert Decl., ¶ 5.)  Plaintiff's responses were due September 8.  Fed. R. Civ. P. 33(b)(2).  Plaintiff served his first "responses" a day late, on September 9. (Hebert Decl., Ex. 3 at 10.)  In fact, these can hardly be called responses at all.  Plaintiff objected to each interrogatory "as premature since discovery is still ongoing," overly broad, and unduly burdensome. (See id. at 1–10.)  Defendant's interrogatories were not premature.  The fact that discovery was ongoing did not relieve Plaintiff of his obligation to "serve [his] answers and any objections within 30 days after being served."  Fed. R. Civ. P. 33(b)(2).  Even worse, Plaintiff did not provide any facts in his responses.  Plaintiff simply did not respond, instead referring Defendant to his initial disclosures and the Complaint generally.  This falls far short of a party's responsibility to respond to each interrogatory "separately and fully."  Fed. R. Civ. P. 33(b)(3).

After receiving Plaintiff's first response, on September 9, counsel for Defendant sent Plaintiff's counsel a detailed email, on September 14, explaining why the responses were deficient and asking for complete responses by September 20. (Hebert Decl. ¶ 9.)  Plaintiff's attorney responded two days later by proposing a phone call for September 20.  On that day, he

sent a short "preliminary response" to Defendant's objections to explain that Plaintiff intended to "supplement" his responses but wanted to wait until Defendant had responded to his interrogatories and requests for admission before doing so, even though Defendant's responses were not yet due. (Id., Ex. 6.) This is not how discovery works. Defendant's attorneys smartly began preparing a motion to compel on September 21, the day after Plaintiff again declined—without justification—to respond to Defendant's interrogatories. It is reasonable to award costs for that work.

**B.    Whether a Fee Award Would Be Unjust**

Even if costs are reasonable, the Court must not award them if the party's nondisclosure was "substantially justified" or if doing so would be unjust under the circumstances. Fed. R. Civ. P. 37(a)(5). Plaintiff has the burden of showing the failure to disclose was substantially justified or that other circumstances make an award unjust. See Hyde & Drath v. Baker, 24 F.3d 1162, 1171 (9th Cir. 1994). While Plaintiff's arguments are made under the incorrect standard, some of them can be considered responsive to the limitations on fee awards in Rule 37.

As is clear from the discussion on reasonableness, Plaintiff's nondisclosures were not justified. Plaintiff's initial answers were nonresponsive and his counsel later admitted he was withholding information until Defendant responded to his interrogatories and requests for admission, even though Plaintiff's answers were overdue and Defendant's were not. Plaintiff's argument that he should not be penalized for relying on decisions in this District expressing disfavor for contention interrogatories is without merit in light of his refusal to provide or cite to any specific new facts in his initial responses.

Plaintiff has also not shown there are other circumstances that would make awarding costs unjust here. Plaintiff states he has not generated any income since 2019 and is currently unemployable. (Dkt. No. 41 at 7.) He states that he "is far from the sort [of] corporate or

wealthy individual litigant to whom an attorney's fees judgment would be the effective equivalent of a rounding error on a bank statement." (Id.) However, he does not provide any specific information about his household finances or income and does not state that he cannot pay the fee award. Without any specific facts supporting this objection, Plaintiff has not met his burden.

Finally, Plaintiff misconstrues the Court's Order on the motion to compel, in which the Court directed Defendant to review its own responses and supplement them as necessary. (Dkt. No. 37 at 1.) Plaintiff argues:

> To begin, Plaintiff's position in the recent LCR 37 filing was largely premised on the fact that Prudential brought a motion to compel on grounds that Mr. Cherry's discovery responses were alleged to be "inadequate," despite being virtually identical to Prudential's responses—including the same objections by both parties levied against the requesting party. The Court determined, however, that this "unclean hands" argument was irrelevant, and that Prudential's own conduct should not be considered. Nevertheless, the Court appeared to acknowledge some merit to Mr. Cherry's position, given the order for Prudential to review its own prior responses and to supplement them as necessary.

(Dkt. No. 41 at 6.) The Court has not acknowledged any merit to Plaintiff's position. If it were not yet clear, the Court rejects it here, for three reasons. First, Plaintiff's responses were due first, so the objection is untimely and irrelevant. Second, Defendant's responses to Plaintiff's interrogatories were not before the Court and so the Court passed no judgment on them. Third, Plaintiff is not excused from his discovery obligations even if Defendant fell short of meeting its own. Plaintiff's remedy for such conduct is to meet and confer and, if that proves futile, move to compel. See Lumbermens Mut. Cas. Ins. Co. v. Maffei, 2006 WL 2709835, at *5 (D. Alaska 2006) ("The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material."). The purpose of the Court's Order directing Defendant to review its own responses was to caution that both sides will be held to the

ORDER ON DEFENDANT'S STATEMENT OF COSTS FOR ATTORNEY'S FEES - 6

1 | same standard and that Defendant should promptly correct any shortcomings given the
2 | approaching trial date.
3 |     It is so ordered.
4 |     The clerk is ordered to provide copies of this order to all counsel.
5 | Dated November 9, 2021.

*(signature)*

Marsha J. Pechman
United States Senior District Judge