UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDREW CHERRY, | CASE NO. 21-27 MJP |
| Plaintiff, | ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

This matter is before the Court on Plaintiff's motion to extend the discovery deadline. (Dkt. No. 50.) Having considered the motion and supporting declaration, (Dkt. Nos. 50–51), the response, (Dkt. Nos. 53–54), and the reply, (Dkt. Nos. 57–58), the Court GRANTS the motion. The discovery deadline is extended to March 10, 2022 for the completion of Plaintiff's deposition.

Plaintiff Andrew Cherry is suing The Prudential Insurance Company of America for wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA"). (Dkt. No. 1.) Trial is scheduled for

1  April 25, 2022.  Discovery was supposed to be completed by February 18, 2022.  (Dkt. No. 44.)
2  The parties agree that the only outstanding discovery is the completion of Plaintiff's deposition.
3  Defendant has taken most of Plaintiff's deposition and estimates it will need about one hour and
4  twenty-five minutes to finish it.  (Dkt. No. 54, Declaration of Shelley Hebert, Ex. 1.)

5  Plaintiff moved before the deadline for a four-week extension for health reasons.  (Dkt.
6  No. 50.)  He provided a detailed explanation of pain he has been experiencing due to his
7  condition that is the subject of this lawsuit.  (Dkt. No. 51, Declaration of Andrew Cherry.)  In
8  reply, he elaborated on his symptoms, treatment, and medication, explaining that he is enduring
9  excessive daytime sleepiness, sleep disruption, and other symptoms, and expressed his intent to
10 complete the deposition once he has regained baseline capabilities.  (Dkt. No. 58, Second
11 Declaration of Andrew Cherry.)

12 A scheduling order may be modified for good cause by leave of court.  Fed. R. Civ. P.
13 Rule 16(b)(4).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party
14 seeking the amendment."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.
15 1992).  The Court finds Plaintiff has shown sufficient diligence to establish good cause.  He
16 states under oath that he is experiencing debilitating pain and other symptoms that prevent him
17 from capably performing at his deposition.  His explanation is specific and reflects conditions
18 outside of his control.  Although delaying completion of the deposition may be inconvenient for
19 Defendant, there is no legal prejudice because Defendant is not being denied the discovery it
20 seeks and the extended deadline of March 10 will give Defendant six weeks to incorporate any
21 new evidence from this small amount of discovery into its trial preparation.

22 The clerk is ordered to provide copies of this order to all counsel.
23 ///
24

1     Dated February 22, 2022.

2

3                                               Marsha J. Pechman
                                                United States Senior District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO EXTEND DISCOVERY DEADLINE - 3