UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANDREW CHERRY,

              Plaintiff,

     v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

              Defendant.

CASE NO. 21-27 MJP

ORDER ON DEFENDANT'S
MOTION TO STAY
ENFORCEMENT OF JUDGMENT
PENDING APPEAL

This matter comes before the Court on Defendant's Motion to Stay Enforcement of

Judgment Pending Appeal. (Dkt. No. 71.) Having considered Defendant's Motion, Plaintiff's

Response (Dkt. No. 78), the Reply (Dkt. No. 79), and all relevant portions of the record, the

Court GRANTS in part and DENIES in part.

## BACKGROUND

Andrew Cherry is a former Microsoft employee who filed this action against The

Prudential Insurance Company of America under the Employee Retirement Income Security Act

of 1974, 29 U.S.C. § 1001, et seq. (ERISA) after it terminated his disability benefits under

1    Microsoft's employee-benefit plan. Cherry asserted two claims: (1) Prudential's termination of

2    benefits was unlawful under 29 U.S.C. § 1132(a)(1)(B); and (2) Prudential breached its fiduciary

3    duties by failing to act as an impartial administrator and instead actively looking for ways to

4    terminate his claim, in violation of 29 U.S.C. § 1132(a)(3). (Compl. ¶¶ 7.1–7.14 (Dkt. No. 1).)

5    The Parties filed the cross-motions for judgment on Cherry's first claim and reserved his second

6    claim for trial. (Dkt. No. 24.) This Court found Cherry was entitled to judgment on his claim

7    under § 1132(a)(1)(B) and ordered Prudential to reinstate Cherry's benefits and pay him all

8    unpaid benefits from the effective date of his termination to the date of the order. (Judgment

9    (Dkt. No. 66).) Prudential now asks the Court to stay the enforcement of the Judgment pending

10   an appeal.

11   **ANALYSIS**

12     Federal Rule of Civil Procedure 62(b) allows a party to obtain a stay enforcing a

13   judgment by providing a bond or other security. "The posting of a bond protects the prevailing

14   plaintiff from the risk of a later uncollectible judgment and compensates him for delay in the

15   entry of the final judgment." N.L.R.B. v. Westphal, 859 F.2d 818, 819 (9th Cir. 1988). Rule

16   62(a) in conjunction with 62(c)(1) provides that an interlocutory or final judgment in an action

17   for an injunction is not stayed after being entered, even if an appeal is taken. "In cases involving

18   injunctive relief, it is discretionary with the court whether to allow a stay." Hicklin v. Hartford

19   Life & Acc. Ins. Co., No. CV06-4543 GAF (JTLX), 2008 WL 638238, at *1 (C.D. Cal. Feb. 28,

20   2008) (citation and internal quotation omitted).

21     "The standard for evaluating stays pending appeal is similar to that employed by

22   district courts in deciding whether to grant a preliminary injunction .... At one end of the

23   continuum, the moving party is required to show both a probability of success on the merits

24

1    and the possibility of irreparable injury. At the other end of the continuum, the moving party

2    must demonstrate that serious legal questions are raised and that the balance of hardships tips

3    sharply in its favor. The relative hardship to the parties is the critical element in deciding at

4    which point along the continuum a stay is justified." <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435

5    (9th Cir.1983) (citations and internal quotations omitted)

6    **1.  Past Benefits**

7         It is undisputed by the Parties that the portion of the Judgment awarding payment of past

8    benefits, plus interest, represents a money judgment that is subject to an automatic stay upon the

9    posting of a sufficient bond. Rather, Prudential asks the Court to waive the bond requirement,

10   which Cherry opposes. Rule 62 does not state that filing a bond is the only way obtain a stay, and

11   the Court has broad discretion to waive the bond requirement if it sees fit. <u>See</u> <u>Townsend v.</u>

12   <u>Holman Consulting Corp.</u>, 881 F.2d 788, 796 (9th Cir. 1989), <u>opinion vacated on reh'g</u>, 914 F.2d

13   1136 (9th Cir. 1990), <u>opinion amended and superseded</u>, 929 F.2d 1358 (9th Cir. 1990),

14   and <u>opinion vacated on reh'g</u>, 929 F.2d 1358 (9th Cir. 1990). The Court, in exercising its

15   discretion, is not inclined to waive the requirement here. The Court GRANTS Prudential's

16   Motion to stay as to the portion of Judgment awarding past benefits upon the posting of a

17   sufficient bond.

18   **2.  Ongoing Benefits**

19         The Parties' main dispute is whether the Court should exercise its discretion to grant a

20   stay as it applies to the portion of the Court's Judgment reinstating Cherry's long-term disability

21   benefits. At issue is whether the obligation to provide benefits going forward qualifies as an

22   injunction that is not automatically stayed.

23

24

1    There is no binding guidance for which the Court may follow in answering this question

2    and district courts have come out differently. For instance, Prudential asks the Court to follow a

3    recent Ohio District Court opinion, Laake v. Benefits Comm., W. & S. Fin. Grp. Co. Flexible

4    Benefits Plan, where the court found that claims brought under Section 502(a)(1)(B) are for

5    monetary as opposed to injunctive and therefore defendants were entitled to a stay of

6    enforcement. No. 117CV611WOBKLL, 2022 WL 1233621, at *2 (S.D. Ohio Apr. 26, 2022). In

7    contrast, Cherry asks the Court to follow two opinions from California District Courts, Hicklin v.

8    Hartford Life & Acc. Ins. Co. No. CV06-4543 GAF (JTLX), 2008 WL 638238 (C.D. Cal. Feb.

9    28, 2008) and Gunn v. Reliance Standard Life Ins. Co. No. 204CV01852FMCMANX, 2009 WL

10    10671397 (C.D. Cal. May 20, 2009). The courts in these cases applied and interpreted relevant

11    Ninth Circuit holdings to find that the payment of ongoing benefits is injunctive in nature. The

12    Court finds the California decisions persuasive.

13    The Ninth Circuit defined an injunction as "an order that is directed to a party,

14    enforceable by contempt, and designed to accord or protect some or all of the substantive relief

15    sought by a complaint in more than temporary fashion." Hicklin v. Hartford Life & Acc. Ins.

16    Co., No. CV06-4543 GAF (JTLX), 2008 WL 638238, at *2 (C.D. Cal. Feb. 28, 2008) (quoting

17    Gon v. First State Inc., Co., 871 F.2d 863, 865 (9th Cir. 1989)). The Hicklin court found that a

18    judgment for the reinstatement of benefits meets the Ninth Circuit's criteria – "it is enforceable

19    by contempt; it is more than temporary; and it provides essentially all of the relief sought by

20    plaintiff." Id.; See also Id. at *2 n.2 (noting that even under the First Circuit's reasoning in J.

21    Perez & CIA, Inc. v. United States, 747 F.2d 813, 814 (1st Cir.1984) (providing that "money

22    judgments ... can be calculated and secured with relative ease .... a case involving an order to do,

23    or not to do, something ... is, involving something like an injunction"), cited by defendant for the

24

proposition that the relief was not injunctive, "this Court's order to provide ongoing benefits (though ultimately transmitted in monetary form) is an order to continuously act— 'an order to do, or not to do, something'—as compared to a lump sum money judgment").

This Court entered a Judgment for Cherry under 29 U.S.C. § 1132(a)(1)(B), which allows, inter alia, a plaintiff to bring a claim to enforce his rights under the terms of the plan, or to clarify his rights to future benefits. Here, the Judgment provides for the reinstatement of Cherry's benefits, and thus, enforces Cherry's rights under the terms of the plan and clarifies his right to future benefits. This ongoing benefits portion of the Judgment is enforceable by contempt and is designed to provide some or all relief sought by Cherry. And it does more than simply require payment of a lump sum of money to him, it requires Prudential to continuously act to provide ongoing benefits. Accordingly, the Court finds that the ongoing benefits portion of the Judgment is properly regarded as injunctive.

However, it is still within the Court's discretion to grant Prudential's request to stay. This "turns on the Court's weighing the probability of success on appeal and the balance of hardships to the parties." Id. Prudential does not argue this, but rather hinges its entire argument on its assertion that Cherry's ongoing benefits are monetary in nature and thus, subject to a stay. (See Def. Reply at 2.) Since the Court has determined otherwise, it need not rehash that argument here. As to the merits, the Court has already found in favor of Cherry and has no reason for altering this opinion absent any argument from Prudential. Likewise, the balance of hardships tips in favor of Cherry. Prudential has acknowledged that it has an excess of one trillion dollars as of December 31, 2021. (Def. Reply at 4-5.) On the other hand, Cherry would have to continue living without an income, something very few people can afford to do. In short, the amount of

money is trivial to Prudential, but critical to Cherry. The Court DENIES Prudential's Motion as it applies to the ongoing benefits portion of the Judgment.

### CONCLUSION

Defendant's Motion to Stay Pursuant Enforcement of Judgment Pending Appeal is GRANTED IN PART and DENIED IN PART. Defendant's Motion is GRANTED with respect to the monetary damages portion of the Judgement, subject to Defendant posting an adequate bond. However, Defendant's Motion is DENIED as to a stay of injunctive relief, which the Court has determined are Plaintiff's ongoing benefits.

The clerk is ordered to provide copies of this order to all counsel.

Dated July 25, 2022.

Marsha J. Pechman
United States Senior District Judge